SCHELL v. SCHELL.

1. DIVORCE—EVIDENCE—SUFFICIENCY.

In husband's suit for divorce, evidence of wife's conduct, which amounted to more than indiscretion, *held*, to justify decree in favor of husband.

2. COURTS—JURISDICTION FIRST OBTAINED IS RETAINED—CONCURRENT JURISDICTION.

When court of competent jurisdiction has become possessed of case, its authority continues, subject only to appellate authority, until matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action.

3. SAME—CIRCUIT COURT—PROBATE COURT—CONCURRENT JURISDICTION—CUSTODY OF CHILDREN.

Although circuit court and probate court, juvenile division, have concurrent jurisdiction over children, where former court first acquired jurisdiction by reason of divorce suit between parents, it retains jurisdiction to dispose of children's custody, and probate court, under circumstances, is without authority in said matter (3 Comp. Laws 1929, §§ 12834–12852).

4. DIVORCE—CUSTODY OF CHILDREN.

Provision in divorce decree awarding custody of children to husband and allowing wife to visit them only on first and third Sundays of each month from two to five p. m. is modified, on appeal, so as to allow wife to have children from two to six p. m. every Sunday and legal holiday until further order of circuit court; welfare of children being first consideration of court.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 27, 1931. (Docket No. 162, Calendar No. 35,709.) Decided March 2, 1932.

Bill by Henry T. Schell against Mabelle E. Schell for divorce. Cross-bill for divorce by defendant.

On right to modify allowance for maintenance of child awarded by decree of absolute divorce, in absence of reservation by decree or statute, see annotation in L. R. A. 1917F, 731.

As to remedy for refusal to permit access to or visitation of children as provided by decree of divorce, see annotation in L. R. A. 1917B, 290.

Decree for plaintiff. Defendant appeals. Modified and affirmed.

*George E. Pardee* and *Schancupp & Porter,* for plaintiff.

*Smith, Hunter & Spaulding,* for defendant.

BUTZEL, J. On August 7, 1929, plaintiff, Henry T. Schell, filed a bill for absolute divorce from Mabelle E. Schell, in the circuit court for Ingham county. He asked for the custody of their three minor children, ages 5, 10, and 12 respectively. On December 3, 1929, defendant filed answer and cross-bill. From the transcript it appears that the hearing was begun on or about December 2, 1930. On December 17, 1930, defendant filed a motion to reopen the case for the purpose of introducing in evidence the record of proceedings in the probate court of Clinton county, juvenile division. This includes a copy of the petition filed on September 5, 1930, by the supervisor of the township of DeWitt, Clinton county, where the children were then residing with defendant. The petition alleges that the children were neglected and without parental care; that the mother frequently left them until two or three o'clock in the morning; that immoral conditions, more specifically set forth, made the home an unfit place for the children. There are also annexed copies of the reports of the county agent stating that the first part of the petition is true; an order of the probate court setting forth the contents of the petition and directing the parents to appear on a day certain; proofs of service; and also the order of the court signed and filed September 18, 1930, finding the children to be dependent and neglected and making them wards

of the court, and placing them in the charge and custody of the county agent.

Notwithstanding the order of the probate court, the circuit court for Ingham county, on January 14, 1931, rendered a decree of absolute divorce in favor of plaintiff, gave him the custody of the children, and divided what little property the parties possessed. A very brief statement of the testimony will suffice for the purposes of the case. Plaintiff's deafness and treatment of defendant, and economic pressure due to unemployment, contributed much to the marital difficulties. He showed that if the children were placed in his care, he would keep them with his brother's family, where they would have a good home, proper education, and good moral surroundings. Defendant showed that she had worked diligently as an office clerk in order to augment the family income. However, her conduct otherwise was inexcusable, and amounted to more than indiscretion, and justified the decree of divorce.

Defendant claims that the order of the probate court for Clinton county, juvenile division, made prior to the decree of the circuit court for Ingham county, but subsequent to the time that the latter court took jurisdiction, and placing the children in the care and custody of the county agent for Clinton county, is final, and that the jurisdiction of the probate court of Clinton county, juvenile division, cannot be divested by any subsequent order or decree by any court of concurrent jurisdiction. The precise question in its present form has not heretofore been ruled upon by this court. In *Ex parte Bush,* 240 Mich. 376, where conditions had materially changed after the decree of divorce awarding the custody of the child to the mother had been entered, and the subsequent appointment of the child's paternal

grandfather as guardian by the probate court, on a dispute between the mother and the guardian, we held, in a *habeas corpus* proceeding, the welfare of the child to be the paramount issue, and remanded the case to the circuit court for disposition. In concurring, Mr. Justice Wiest emphasized the fact that the circuit court, having acquired jurisdiction first, kept it. The court should modify a decree from time to time as the welfare of the child demands. In *Wells* v. *Montcalm Circuit Judge,* 141 Mich. 58 (113 Am. St. Rep. 520), where the wife's divorce suit filed in Wayne county circuit court preceded that of her husband filed in Montcalm county, we held that the Wayne circuit court, the first of two courts of concurrent jurisdiction to acquire jurisdiction, retained it to the exclusion of the Montcalm circuit court. As stated by Mr. Justice Cooley in *McLean* v. *Wayne Circuit Judge,* 52 Mich. 257:

"It is a familiar principle that when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action."

The circuit court and the probate court, juvenile division, had concurrent jurisdiction. The former court having acquired it first, retained it.

In *Addams* v. *State, ex rel. Hubbell,* 104 Ohio St. 475 (135 N. E. 667), the insolvency court granted to a father a divorce and custody of his child. Thereafter, the grandfather obtained guardianship of the child in probate court. The mother subsequently petitioned the insolvency court for a modification of the decree of custody. The order of the probate

court was held null and void, the supreme court saying:

"Among courts having concurrent jurisdiction of any given subject-matter the court whose jurisdiction rightfully first attaches shall exercise and continue that jurisdiction free from any interference by any other court having a like jurisdiction."

To like effect are *Children's Home* v. *Fetter,* 90 Ohio St. 110 (106 N. E. 761), and *Cleveland Protestant Orphan Asylum* v. *Soule,* 5 Ohio App. 67. In the latter, the facts were similar to those in the *Addams Case, supra.* In the former, the juvenile court first took jurisdiction and it was held that it retained it notwithstanding the subsequent divorce proceedings. Accord: *Ex parte Bowers,* 78 Ore. 390 (153 Pac. 412).

We are referred to cases that hold to the contrary in other States: *In re Hosford,* 107 Kan. 115 (190 Pac. 765, 11 A. L. R. 142); *State* v. *McCloskey,* 136 La. 739 (67 South. 813); *Brana* v. *Brana,* 139 La. 306 (71 South. 519); *Spade* v. *State,* 44 Ind. App. 529 (89 N. E. 604). We find that these decisions are based largely on either a statutory or constitutional provision in the respective States where the "exclusive" jurisdiction or that of "all cases of dependent and neglected children" are given to the juvenile court. There is no such provision in our laws creating the juvenile division of the probate court, and defining its jurisdiction and procedure. Sections 12834 to 12852, 3 Comp. Laws 1929. There is a provision (section 12839), directing that criminal cases of minors under 17 years of age be transferred to the juvenile court with the right on the part of such latter court to refer such cases back to the criminal court. It is possible that in not making

a similar provision in regard to dependent and neglected children, or giving the probate court, juvenile division, exclusive jurisdiction of all cases involving children, the legislature took into consideration the fact that cases from the probate court may be appealed to the circuit court; that in certain instances the circuit judge may sit as probate judge (3 Comp. Laws 1929, §§ 12847, 13873), and, further, that a circuit judge would, if desirable, avail himself of the facilities of the probate court, juvenile division, in order to complete his investigation in determining the welfare of the child. In the present case, the very order of the circuit court is intended to make the children no longer dependent or neglected. If they continue to be such, and the attention of the circuit court is called to such condition, it will modify the decree if it deems it proper, first consideration being the welfare of the children. There being no statutory authority to the contrary, the circuit court, having first acquired jurisdiction, retained it.

Defendant, as appellant, complains of that portion of the decree awarding the custody of the children to plaintiff subject to the limitation that "defendant is to have the privilege of visiting said children at reasonable times and places, same to be on the first and third Sundays of each month from two to five p. m., or until the further order of the court." Upon reading the record, we are impressed with the undue harshness of the decree, which only permits the defendant to see her children 72 hours in an entire year. While we appreciate the fact that the circuit judge had the opportunity of seeing the witnesses, and we are relegated to the bare record, nevertheless, we do not believe that such a harsh and unusual restriction is necessary. If it becomes so, the

lower court may amend the decree accordingly, full power being reserved in it. For the present, we believe that defendant should have the custody and care of the children from two to six p. m. every Sunday and legal holiday until the further order of the circuit court. She may conduct herself so that the court, in its discretion, may later, on proper application, allow her to have the custody of the children for longer periods during school vacations. The decree is otherwise affirmed, and a decree as modified by this opinion may be entered.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.