PEOPLE *v.* JANEK.

1. CRIMINAL LAW—INQUEST AS TO ACCUSED APPEARING TO BE INSANE
   —NATURE OF PROCEEDING.

   Sanity proceeding provided by statute in case one accused of a
   felony appears to be insane is an inquiry in the nature of an
   inquest to safeguard rights of an accused mentally incapable
   of advising with counsel and conducting his defense, not a trial
   placing defendant in jeopardy but a collateral inquiry to pre-
   serve him from the jeopardy of a trial while insane (3 Comp.
   Laws 1929, §17241, as amended by Act No. 317, Pub. Acts
   1931).

2. SAME—PROCEDURE—VENUE OF SANITY PROCEEDING.

   Since the ascertainment of the fact of sanity or insanity of an
   accused at any stage of a criminal proceeding is purely a
   matter of legislative regulation, enactment placing venue of
   such an inquiry in the very court in which the accused awaits
   trial was properly made a part of the criminal procedure where
   it may be invoked either by the prosecution or defense (3
   Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub.
   Acts 1931).

3. JURY—CRIMINAL LAW—SANITY PROCEEDING.

   Denial of jury in sanity proceeding to one accused of murder in
   the first degree *held,* not a denial of due course of law (3
   Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub.
   Acts 1931).

4. CRIMINAL LAW—REPORT OF DOCTORS—SANITY PROCEEDING—EVI-
   DENCE.

   Admission in statutory sanity proceeding of signed report of
   doctors who had examined defendant accused of murder in the
   first degree *held,* not reversible error, where the doctors testi-
   fied and were cross-examined by counsel for defendant (3
   Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub.
   Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Murphy (George), J. Submitted January 12, 1939. (Docket No. 96, Calendar No. 40,172.) Decided February 2, 1939.

Geza Janek was charged with first degree murder. On hearing on report of sanity commission. Order committing defendant to Ionia State Hospital. Defendant appeals. Affirmed.

*George S. Fitzgerald, Arthur H. Ratner,* and *John J. Hogue,* for appellant.

*Thomas Read,* Attorney General, *Edmund E. Shepherd,* Assistant Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner, John A. Ricca,* and *Nicholas J. Wagener,* Assistant Prosecuting Attorneys, for the people.

WIEST, J. An information in the recorder's court for the city of Detroit charged defendant with murder in the first degree. Upon arraignment he entered a plea of not guilty. Thereupon the prosecuting attorney petitioned the court to appoint a commission of inquiry as to defendant's sanity. The court appointed four doctors who examined defendant and made report that he was insane and, therefore, incapable of taking any part in a trial. Upon such report the court held a hearing at which defendant and his counsel were present. At that hearing the doctors were sworn and gave testimony clearly showing defendant to be insane and the court so found and committed him to the State hospital at Ionia. Appeal is prosecuted in behalf of defendant.

The proceeding was under the provisions of 3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931 (Comp. Laws Supp. 1935,

§ 17241, Stat. Ann. § 28.967). That statute provides:

"When a person accused of any felony shall appear to be insane * * * the court, being certified *. * * of the fact, shall carefully inquire and ascertain the issue of insanity. The court shall fix the time and place for the hearing of said issue. * * * The court shall call two or more reputable physicians and other credible witnesses to testify at said hearing, and the prosecuting attorney to aid in the examination and if it be deemed necessary to call a jury for that purpose, is fully empowered to compel the attendance of witnesses and jurors. Such alleged insane person may be represented by counsel who may appear and take part in the proceedings, cross-examine the witnesses and produce witnesses and testimony for and on behalf of such person. If it is claimed that such person became insane after the commission of the felony with which he is is charged and before * * * trial thereon, the test on the trial of such issue shall be whether such person is capable of understanding the nature and object of the proceedings against him and of comprehending his own condition in reference to such proceedings and of assisting in his defense in a rational or reasonable manner.''

Counsel for defendant contend the court was in error in refusing their request for a jury, and the statute leaving it optional with the court to call a jury is unconstitutional in that it deprived defendant of the right of trial by jury.

The sanity proceeding, under the statute, is an inquiry in the nature of an inquest, humanely provided for safeguarding the rights of an accused mentally incapable of advising with counsel and conducting the defense accorded one charged with having committed a felony. It is not a trial placing a defendant

in jeopardy, but a collateral inquiry to preserve him from the jeopardy of a trial while insane.

Denial of a jury did not deprive defendant of any right.

In *Nobles* v. *Georgia,* 168 U. S. 398, 401, 409 (18 Sup. Ct. 87), it was claimed in behalf of a convicted person, under sentence of death and alleged to be insane, that inquisition thereon must be tried by jury. We quote from the claim:

" 'Petitioner further says that by the settled principles of the common law the ascertainment of the fact of sanity or insanity at any stage of the proceedings in the course of a legal investigation was a function of the trial court; that is, of the court having jurisdiction of the crime itself and of the criminal, whether before or after arraignment, before or after conviction, or after conviction and before execution, or before or after judgment, and that the settled and orderly course of procedure was the summoning of a jury and a trial of this issue under the forms of law, by introduction of evidence under the rulings of the judge of the said court, and whose duty it was to instruct the jury upon the law of the issues involved and to aid them in making a verdict.' "

The court, after a review of authorities relative to such an inquest at common law, stated:

"It being demonstrated by reason and authority that at common law a suggestion made after verdict and sentence of insanity did not give rise to an absolute right on the part of a convict to have such issue tried before the court and to a jury, but addressed itself to the discretion of the judge, it follows that the manner in which such question should be determined was purely a matter of legislative regulation. It was, therefore, a subject within the control of the

State of Georgia. Because we have confined our opinion exclusively to the question before us, that is, the right arising on a suggestion of insanity after sentence, we must not be understood as implying that a different rule would prevail after verdict and up to and including sentence, or as passing upon the question whether, under the Fourteenth Amendment, a State is without power to relegate the decision of a question of insanity, when raised before conviction, to such apt and special tribunal as the law might deem best.''

The enactment is properly a part of criminal procedure, placing venue of the inquiry in the very court where the accused awaits trial. Its salutary provisions may be invoked by the prosecution or in behalf of the accused, and the statute saving an insane person from being tried for a felony while under such a disability preserves, instead of deprives him of due course of law.

At the hearing the doctors testified that they examined defendant and the report, signed by them, stated their findings and, over objection, the court admitted the report in evidence. Counsel for defendant cross-examined the doctors, and there was no reversible error in this instance.

We find no error. Affirmed.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.