*In re* TWOREK.

1. INSANE PERSONS—CRIMINAL PROSECUTION—JURISDICTION—STATUTES.

   In prosecution for felonious assault in recorder's court of Detroit, that court had jurisdiction to commit defendant as an insane person where proceedings to such end were instituted while the prosecution was pending by his then attorney prior to filing of wife's petition in probate court to have a determination made as to his sanity (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931).

2. SAME—CRIMINAL LAW—PROBATE COURT—JURISDICTION TO DETERMINE SANITY.

   The filing of a petition in the probate court of Wayne county to have an individual declared insane would not oust recorder's court of jurisdiction to make such determination on petition theretofore filed in criminal prosecution of such person (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931).

3. SAME—COMMITMENT—JURISDICTION—STATUTES.

   Where commitment contains a detailed recital of the circumstances pursuant to which defendant in prosecution for crime was committed to a hospital for the criminally insane and discloses jurisdiction of the committing court on face of the

commitment, it is not void because of failure to cite related statute (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931).

4. SAME—STATUTES—WITNESSES.

Provision of statute pursuant to which sanity of one accused of crime is determined by a trial court that "the court shall call two or more reputable physicians and other credible witnesses to testify" at the hearing is merely directory as to the "other credible witnesses" (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931).

5. SAME—HEARING—ADJOURNMENT.

The commitment, as an insane person, of one charged with crime is not void because notice of hearing was for a given date where hearing was adjourned on that date until two days later, was then had, and testimony taken in the presence of the defendant and his counsel (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931).

Habeas corpus with accompanying certiorari to Donald Van Zile, Judge of Recorder's Court of the City of Detroit, to inquire into detention of Joseph Tworek by the Superintendent of Ionia State Hospital. Submitted March 13, 1945. (Calendar No. 42,976.) Petition dismissed April 9, 1945.

*Isaac M. Smullin,* for petitioner.

*John R. Dethmers,* Attorney General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Michael A. Guest,* Assistant Prosecuting Attorney, for the people.

NORTH, J. On petition of Joseph Tworek a writ of habeas corpus with ancillary certiorari was issued herein to test the legality of his commitment to, and detention in, the Ionia State Hospital. Decision turns on whether the recorder's court of Detroit had jurisdiction to make the commitment.

In November, 1936, Tworek was charged in the

recorder's court of Detroit with having committed a felonious assault without intent to commit the crime of murder or to inflict great bodily harm less than the crime of murder. Act No. 328, § 82, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–82, Stat. Ann. § 28.277). On December 9, 1936, the attorney who then represented Tworek petitioned the recorder's court "to appoint a sanity commission for the purpose of examination of the defendant." The commission was appointed, and after examination and investigation of Tworek reported that he was insane and "at the present time he is unable to assist counsel" in his defense. A hearing in court attended by Tworek and his counsel was had January 8, 1937; and after hearing testimony the court found "the fact to be that he (Tworek) is insane and irresponsible, not a proper person to be tried at this time on the said charge and that he would be unable to undertake his defense, if put to a trial." Thereupon Tworek was committed to the State hospital at Ionia, "there to remain until defendant is cured or otherwise discharged." See 3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17241, Stat. Ann. § 28.967).

In the meantime and on December 12, 1936, Tworek's wife filed a petition in the probate court of Wayne county to have him adjudicated an insane person. A commission was appointed and hearing in the probate court was set for January 8, 1937. The record before us does not disclose what occurred at such hearing, if one was held. Seemingly the proceedings in the probate court were abandoned. At least we have no record of determination of Tworek's sanity in the probate court proceedings.

The return of the medical superintendent of Ionia State hospital, to whom the writ of habeas corpus

herein was addressed, shows Tworek is held in custody under the authority of the commitment valid on its face and issued out of the recorder's court of Detroit. But, as above noted, the claim of petitioner herein is that the recorder's court was without jurisdiction. In part this claim is bottomed on the contention that the sole jurisdiction in the insanity proceedings was in the Wayne county probate court. We cannot so hold. Tworek on December 9, 1936, was in the custody of the Detroit recorder's court charged with a felony. On that date counsel who then represented Tworek filed a petition in the recorder's court to have the court appoint a sanity commission for the purpose of determining the mental status of Tworek. This phase of the proceedings is referred to in the statute as a "suggestion of insanity." The petition of Tworek's counsel rendered it competent for the court to proceed to "carefully inquire and ascertain the issue of insanity" as provided in the statute above cited. This was done with the result hereinbefore noted. These proceedings were in accord with the statute as it then read. See 3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931. In *People* v. *Janek*, 287 Mich. 563, we said: "Its (the statute's) salutary provisions may be invoked by the prosecution or in behalf of the accused." After the recorder's court took jurisdiction upon the filing of the petition by Tworek's counsel on December 9th, that court could not be ousted of jurisdiction by a third person (Tworek's wife) subsequently (December 12th) instituting proceedings in the Wayne county probate court to have him adjudicated an insane person. Such has been our holding under somewhat similar, although not identical, circumstances. *Schell* v. *Schell*, 257 Mich. 85.

Petitioner's contention that his commitment is void because it does not state "by what authority such commitment is made" is not tenable. The commitment contains a detailed recital of the circumstances and procedure taken, and thereby discloses jurisdiction on its face. Under such circumstances it is unnecessary to cite in the commitment the related statutory provision. Further the unrefuted return herein to the writ of certiorari states the proceedings "were in accordance with 3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931."

Counsel for Tworek asserts the latter's detention is illegal because "no other proofs (than the testimony of the two doctors appointed by the court) were taken." He quotes and relies upon this provision in the statute: "The court shall call two or more reputable physicians and other credible witnesses to testify at said hearing." Counsel's construction of the quoted provision is over-strict. It might well happen that there were no other "credible witnesses" available, but surely that would not defeat a proceeding of this character. Such a result would be highly prejudicial to the rights of an insane person charged with commission of a crime. See *People* v. *Janek*, *supra*. The provision as to "other credible witnesses" is merely directory, and is to be read in the light of the immediately preceding provision in the statute that the court "shall carefully inquire and ascertain the issue of insanity." That was done in the instant case at the hearing attended by Tworek and his counsel where the two appointed physicians were examined and where at the conclusion of such testimony Tworek's counsel declined the opportunity extended him by the court to offer any further testimony.

Other claimed defects in the proceedings under

review have been considered but found to be without merit. Among them is the complaint that the notice given of the sanity hearing was for January 6th. But the unrefuted return shows the hearing was adjourned from the 6th to the 8th; and further that Tworek and his counsel were present at the hearing on the later date. The cases upon which petitioner's counsel relies are clearly not in point. For the most part, if not wholly, decision in each of the cited cases rested upon the fact that no competent testimony was taken before the committing court; but in the instant case a hearing was had and testimony taken in open court in the presence of Tworek and his counsel.

The relief sought, Tworek's release from custody, is denied, and the petition dismissed.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.