PEOPLE *v.* BACKHAUT.

1. STATUTES—IMPLIED REPEAL—COMMITMENT OF INSANE PERSONS—
PERSONS ACCUSED OF CRIME.

Since the provisions of the subsequently-enacted code of criminal
procedure relative to the commitment to the State hospital for
the criminal insane are not necessarily antagonistic to the
previously-enacted statute conferring jurisdiction over insane
persons upon the probate court, the earlier act was not repealed
by implication by the later act (Act No. 151, Pub. Acts 1923;
Act No. 175, chap. 7, § 27, Pub. Acts 1927, as amended by
Act No. 317, Pub. Acts 1931).

2. CRIMINAL LAW—INQUEST AS TO ACCUSED APPEARING TO BE INSANE
—NATURE OF PROCEEDING.

Sanity proceeding provided by statute in case one accused of a
felony appears to be insane is an inquiry in the nature of an
inquest to safeguard rights of an accused mentally incapable
of advising with counsel and conducting his defense, not a trial
placing defendant in jeopardy but a collateral inquiry to pre-
serve him from the jeopardy of a trial while insane (3 Comp.
Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts
1931).

3. SAME—PROCEDURE—VENUE OF SANITY PROCEEDING.

Since the ascertainment of the fact of sanity or insanity of an
accused at any stage of a criminal proceeding is purely a mat-
ter of legislative regulation, enactment placing venue of such
an inquiry in the very court in which the accused awaits trial
was properly made a part of the criminal procedure where it
may be invoked either by the prosecution or defense (3 Comp.
Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts
1931).

4. INSANE PERSONS—CRIMINAL PROSECUTION—JURISDICTION—STAT-
UTES.

The fact that the Wayne county probate court had previously
committed defendant to a hospital for the insane did not pre-
vent the recorder's court for the city of Detroit from having

jurisdiction to commit him to hospital for the criminal insane pursuant to statutory procedure after defendant was charged with offense of breaking and entering in the nighttime while on parole from hospital to which probate court had committed him (Comp. Laws 1929, § 6878 *et seq.;* § 17241, as amended by Act No. 317, Pub. Acts 1931).

5. SAME—CRIMINAL PROSECUTION—JURISDICTION—PROBATE COURT—COMMITMENT TO STATE HOSPITALS. ·

The statutory power of courts of criminal jurisdiction to commit persons charged with crime to the State hospital for criminal insane and the statutory power of probate courts to commit persons to hospitals for the insane are mutually exclusive except under certain conditions specified by statute conferring jurisdiction upon probate courts to commit to the State hospital for criminal insane (Comp. Laws 1929, § 6878 *et seq.,* as amended by Act No. 104, Pub. Acts 1937; § 17241, as amended by Act No. 317, Pub. Acts 1931).

6. CERTIORARI—HABEAS CORPUS—QUESTIONS REVIEWABLE—JURISDICTION—VENUE.

On appeal in nature of certiorari, the matter of whether or not court of criminal jurisdiction in county in which was detained person in whose behalf petition for writ of habeas corpus had been filed had jurisdiction rather than court in county in which order of commitment was issued and whether or not remedy should have been by appeal from order of commitment are questions not overlooked but not discussed where not raised and where question raised as to claimed conflict of jurisdiction of probate court and court of criminal jurisdiction in county of commitment does merit decision (Comp. Laws 1929, § 6878 *et seq.,* as amended by Act No. 104, Pub. Acts 1937; § 15208; § 17241, as amended by Act No. 317, Pub. Acts 1931).

7. COSTS—HABEAS CORPUS—CONSTRUCTION OF STATUTES.

No costs are allowed in habeas corpus proceeding where case involves construction of statutes claimed to be in conflict (Comp. Laws 1929, § 6878 *et seq.,* as amended by Act No. 104, Pub. Acts 1937; § 15208; § 17241, as amended by Act No. 317, Pub. Acts 1931).

Appeal from Recorder's Court of Detroit; Maher (John J.), J. Submitted October 11, 1945. (Docket No. 82, Calendar No. 43,150.) Decided December 3, 1945.

Habeas corpus by Sarah Backhaut, on behalf of Milton Backhaut, to obtain his release from Ionia State Hospital. Writ denied. Petitioner reviews by appeal in nature of certiorari. Affirmed.

*Meyer Weisenfeld,* for appellant.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Andrew De Maggio,* Assistant Prosecuting Attorney, for the people.

BOYLES, J. This is an appeal in the nature of certiorari from denial of appellant's petition in the recorder's court of Detroit in Wayne county seeking his release from the Ionia State Hospital by the writ of habeas corpus. By appropriate proceedings in Wayne county probate court in February, 1943, Milton Backhaut was adjudicated to be an insane person and admitted to the Wayne county hospital at Eloise as an insane person. No question is raised as to the legality of those proceedings. Appellant, having shown signs of improvement after about six months in said hospital, was placed on parole, and permitted to take week-end leaves with his parents. On December 25, 1943, while on such a leave he was apprehended and charged with the felony of breaking and entering a dwelling house in the nighttime, in Detroit. He first pleaded guilty to this charge, which plea was later set aside on motion and a petition was filed in recorder's court of Detroit by the prosecuting attorney to determine his sanity, under the provisions of 3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17241, Stat. Ann. § 28.-967). Judge Maher of the recorder's court appointed a sanity commission of three doctors under

the provisions of said act and after the report of this commission was filed and a hearing held the court entered an order finding that Backhaut was insane, not a proper person to be tried at that time on said charge, and that he would be unable to undertake his defense if put to trial. Thereupon the court committed him to the Ionia State Hospital until cured or otherwise discharged, to be remanded to Wayne county for resumption of the criminal proceedings if restored to sanity. Detention in Ionia State Hospital followed.

In November, 1944, the mother of said Milton Backhaut filed a petition in the recorder's court of Detroit for the writ of habeas corpus to inquire into the legality of his detention, alleging in effect that because he had been previously adjudged insane by the probate court for Wayne county Backhaut could not be charged with the crime of breaking and entering, and challenging the jurisdiction of the recorder's court and the validity of its order committing him to the Ionia State Hospital. The court issued the writ, and after hearing dismissed the same. Backhaut appeals from the order dismissing the writ, and raises the same questions here, for reversal.

It is agreed that Milton Backhaut is an insane person, that the proceedings in probate court for his admission to the Wayne county hospital at Eloise were regular and within the jurisdiction of that court, that the recorder's court had jurisdiction to hear and determine the proceedings for the writ of habeas corpus, that Backhaut was in the legal (although not actual) custody of the superintendent of the Wayne county hospital when he was apprehended in Detroit charged with a felony, that the constitutionality of 3 Comp. Laws 1929, § 17241, as

amended by Act No. 317, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17241, Stat. Ann. § 28.967), is not questioned, that the recorder's court for Detroit has jurisdiction to commit a defendant in a criminal case to the Ionia State Hospital provided such person is not already under commitment by virtue of a probate court order, and that Backhaut is either to be returned to the Wayne county hospital or his detention in the Ionia State Hospital continued, depending on the conclusions reached by this court.

Appellant was committed to the Ionia State Hospital by the recorder's court by authority of the provisions of Act No. 175, chap. 7, § 27, Pub. Acts 1927 (the code of criminal procedure) (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17241, Stat. Ann. § 28.967]). While this act became effective subsequent to the act conferring jurisdiction over insane persons upon the probate courts (Act No. 151, Pub. Acts 1923, as amended [2 Comp. Laws 1929, § 6878 *et seq.* (Comp. Laws Supp. 1940, 1943, § 6878 *et seq.,* Stat. Ann. and Stat. Ann. 1944 Cum. Supp. § 14.801 *et seq.*)]), we do not consider that the two acts are necessarily antagonistic. The provisions of the earlier act were not repealed by implication as claimed by appellant. The probate court still has jurisdiction to admit insane persons to State hospitals, and courts of criminal jurisdiction have jurisdiction over criminal insane who are charged with crime within the jurisdiction of such courts.

"Sanity proceeding provided by statute in case one accused of a felony appears to be insane is an inquiry in the nature of an inquest to safeguard rights of an accused mentally incapable of advising with counsel and conducting his defense, not a trial placing defendant in jeopardy but a collateral in-

quiry to preserve him from the jeopardy of a trial while insane (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931).

"Since the ascertainment of the fact of sanity or insanity of an accused at any stage of a criminal proceeding is purely a matter of legislative regulation, enactment placing venue of such an inquiry in the very court in which the accused awaits trial was properly made a part of the criminal procedure where it may be invoked either by the prosecution or defense (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931)." *People* v. *Janek* (syllabi), 287 Mich. 563.

In the recent case of *In re Tworek,* 311 Mich. 59, the petitioner sought release in habeas corpus proceedings claiming that his subsequent petition filed in probate court to have him adjudged insane had ousted the recorder's court of Detroit from jurisdiction to determine his sanity while a felony charge was pending against him in that court, and after a commission had been appointed in the recorder's court to examine into the question of his sanity. We held that the recorder's court had jurisdiction to enter an order committing Tworek to the Ionia State Hospital. As to the petitioner's claim in that case, the court said (p. 62):

"But, as above noted, the claim of petitioner herein is that the recorder's court was without jurisdiction. In part this claim is bottomed on the contention that the sole jurisdiction in the insanity proceedings was in the Wayne county probate court. We cannot so hold."

The conclusions reached by the court in the *Tworek Case, supra,* are correctly stated in the headnotes as follows:

"In prosecution for felonious assault in recorder's court of Detroit, that court had jurisdiction to commit defendant as an insane person where pro-

ceedings to such end were instituted while the prosecution was pending by his then attorney prior to filing of wife's petition in probate court to have a determination made as to his sanity (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931).

"The filing of a petition in the probate court of Wayne county to have an individual declared insane would not oust recorder's court of jurisdiction to make such determination on petition theretofore filed in criminal prosecution of such person (3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931)."

In the case at bar the previous finding of insanity and the order of the probate court admitting this patient to the Wayne county hospital at Eloise did not prevent the recorder's court from having jurisdiction to commit Backhaut to the Ionia State Hospital as a *criminal* insane. The probate court does not have jurisdiction over the commitment of a *criminal* insane person to a State hospital, to the exclusion of the court of criminal jurisdiction wherein the charge of crime is pending. The jurisdiction conferred on probate courts over insane, feeble-minded, epileptic and mentally diseased persons by Act No. 151, Pub. Acts 1923, as amended (see 2 Comp. Laws 1929, § 6878 *et seq.* [Comp. Laws Supp. 1940, 1943, § 6878 *et seq.,* Stat. Ann. and Stat. Ann. 1944 Cum. Supp. § 14.801 *et seq.*]), does not place in the probate courts the power to commit a criminal insane to the Ionia State Hospital; nor does Act No. 175, Pub. Acts 1927, as amended (see 3 Comp. Laws 1929, § 17116 *et seq.* [Comp. Laws Supp. 1940, 1943, § 17121 *et seq.,* Stat. Ann. and Stat. Ann. 1944 Cum. Supp. § 28.841 *et seq.*]) (code of criminal procedure), confer upon courts of criminal jurisdiction any power to commit a criminal insane person to any State hospital except the Ionia

State Hospital. The power conferred on courts of criminal jurisdiction to commit a criminal insane charged with crime is exclusive, except under the conditions referred to in section 55 of Act No. 151, Pub. Acts 1923, as amended (2 Comp. Laws 1929, § 6931 [Stat. Ann. § 14.853]), and sections 58–61, inclusive, of said Act No. 151, Pub. Acts 1923, as amended (2 Comp. Laws 1929, §§ 6934–6937, as amended by Act No. 104, Pub. Acts 1937 [Comp. Laws Supp. 1940, §§ 6934–6937, Stat. Ann. and Stat. Ann. 1944 Cum. Supp. §§ 14.856–14.859]). These exceptions do not apply to the case at bar.

We do not overlook the fact that this petition for the writ of habeas corpus was filed in Wayne county, instead of in Ionia county where the person was detained (see 3 Comp. Laws 1929, § 15208 [Stat. Ann. § 27.2252]; 3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17241, Stat. Ann. § 28.967]); nor need we consider whether petitioner's remedy should have been by appeal from the order of the recorder's court committing appellant to the Ionia State Hospital. See *In re Roberts,* 310 Mich. 372. These questions have not been raised. The importance of the question raised, as to the jurisdiction of the courts, merits decision.

The order dismissing the writ is affirmed, without costs.

STARR, C. J., and NORTH, CARR, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.