## PEOPLE *v.* WOODY.

1. CRIMINAL LAW—EXPERT WITNESS—CRIMINAL RECORD OF DEFENDANT—WITNESS' KNOWLEDGE—CROSS-EXAMINATION.

Expert witness was properly questioned on cross-examination, after testifying that defendant was insane on direct examination, in being asked whether, in making his evaluation of defendant's sanity, witness had taken into account various specifically named criminal acts committed by defendant and incidents of assaults by defendant on various persons (GCR 1963, 605).

REFERENCES FOR POINTS IN HEADNOTES

[1]   58 Am Jur, Witnesses § 844 *et seq.*
[2]   21 Am Jur 2d, Criminal Law §§ 48, 365.
Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition.   32 ALR2d 434.
[3]   21 Am Jur 2d, Criminal Law § 365.
Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition.   32 ALR 2d 434.

2. Same—Admissions to Sanity Commission—Admissibility.

Rebuttal witnesses for prosecution properly testified as to admissions of criminal record and incidents of assaults, made to them by defendant in their capacities as members of statutory sanity commission, as such evidence was material to the weight to be given psychiatrists' opinions as to defendant's sanity at time of commission of murder (CL 1948, § 750.316; CLS 1961, § 767.27).

3. Same—Self-Incrimination—Admissions—Sanity Commission.

Testimony of defendant's admissions made to statutory sanity commission in course of determining his capacity to stand trial on charge of murder in the first degree did not violate defendant's constitutional privilege against self-incrimination (Const 1963, art 1, § 17; CL 1948, § 750.316; CLS 1961, § 767.27).

Appeal from Recorder's Court; Ricca (John A.), J. Submitted Division 1 June 2, 1966, at Detroit. (Docket No. 505.) Decided July 12, 1966. Leave to appeal granted by Supreme Court October 8, 1966. See 378 Mich 734, 380 Mich 332.

Creede Woody was convicted of murder in the first degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Prosser, Cowell & Whitehouse (Earl T. Prosser,* of counsel), for defendant.

Quinn, J. At his arraignment in recorder's court for the city of Detroit, defendant pleaded not guilty to a charge of first-degree murder of his wife in violation of CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548). Pursuant to petition filed by the prosecuting attorney, the court appointed a sanity commission as provided in CLS 1961, § 767.27 (Stat

Ann 1965 Cum Supp § 28.967). The commission found defendant legally able to stand trial. He entered a plea of not guilty by reason of insanity and the jury found him guilty of first-degree murder. Defendant's appeal from this conviction and subsequent sentence raises questions concerning trial procedure discussed in detail later herein.

Defendant did not testify. To establish his insanity, defendant called a psychiatrist to testify in his behalf. In his cross-examination of this witness, the prosecuting attorney elicited the facts that psychiatric evaluation required an inquiry into a man's entire history and that the psychiatrist had not done so in this case "very much". Thereafter and over defendant's objection, the prosecutor questioned the psychiatrist in detail with respect to his knowledge of events in defendant's past history including assault on his first wife, that in 1954 the murdered wife left him over another woman, defendant's escape from a boys' training school, a burglary thereafter and defendant's return to training school, a further escape, defendant's conviction of second-degree murder, his assaults on other persons while in prison on the latter offense, his attempted escape from prison, and an assault and battery conviction in 1960. The psychiatrist said he knew nothing of these events except the last one, and that such knowledge would not change but confirm his opinion of defendant's insanity at the time of the offense for which he was being tried. This procedure was proper under GCR 1963, 605.

On rebuttal, the prosecuting attorney called the psychiatrists who acted on the sanity commission and a psychologist from recorder's court psychiatric clinic who assisted them. Over defendant's objection, these witnesses testified to facts obtained from defendant during their examination of him on the sanity commission proceeding, which facts estab-

lished the events in defendant's history alluded to
in the preceding paragraph, including his past crim-
inal record. This is the procedure defendant con-
tends is reversible error and he relies on *People* v.
*Janek* (1939), 287 Mich 563, to support the conten-
tion. Unfortunately, we do not read *Janek* as having
any bearing on the issue presented.

The plea of not guilty by reason of insanity made
the issue defendant's sanity at the time of the of-
fense, not whether he killed his wife. The rebuttal
testimony objected to was material to the weight
to be given to the opinions of all the psychiatrists
as to defendant's sanity at the time of the offense,
and hence it was material and relevant to the issue
being tried. See *People* v. *Harry Fleish* (1948), 321
Mich 443. We find no error.

Defendant further contends that this procedure
violated his constitutional right against self-incrim-
ination.* We believe the foregoing analysis and
holding obviate discussion of this contention.

Affirmed.

J. H. Gillis, P. J., and Fitzgerald, J., concurred.

---

* Const 1963, art 1, § 17.—Reporter.