RICHARD v RICHARD

1. BANKS AND BANKING—JOINT ACCOUNTS—RIGHTS OF SURVIVORSHIP
—PRESUMPTIONS—STATUTES.

    The creation of a joint banking account creates a rebuttable presumption that the funds placed in the joint account are intended to be the property of the survivor (MCLA 487.703).

2. BANKS AND BANKING—JOINT ACCOUNTS—RIGHTS OF SURVIVORSHIP
—INTENTION OF PARTIES.

    A bank account opened by a depositor who placed her own name and that of her nephew on the temporary signature card was a joint account with rights of survivorship where the terms of the temporary signature card provided for a joint account with rights of survivorship and the depositor did nothing to change the original status of the account; failure of the depositor to return the permanent signature card does not rebut the presumption that a joint account with rights of survivorship was intended.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 December 10, 1974, at Lansing. (Docket No. 20099.) Decided February 13, 1975.

Complaint by Eugene G. Richard against Harold Richard, individually and as executor of the estate of Oda E. LaLonde, deceased, for the proceeds of a savings account. Judgment for defendant. Plaintiff appeals. Reversed.

*Heilman, Purcell, Tunison & Cline, P. C.,* for plaintiff.

*John M. Patterson, P. C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 10 Am Jur 2d, Banks § 369.

Before: DANHOF, P. J., and BASHARA and ALLEN, JJ.

BASHARA, J. Plaintiff appeals from a judgment declaring that he was not a joint owner of a bank account opened by a decedent prior to her death, and therefore not entitled to its proceeds.

This case was submitted, along with certain exhibits, to the trial court by an agreed statement of facts. On March 31, 1967, one Oda E. LaLonde, who was then single, opened a savings account, No. 100920-8, at the Valley National Bank in Bay City. She signed a temporary signature card in her name and printed or caused to be printed at the top of the card the name of Eugene G. Richard. It is undisputed that Eugene G. Richard, the plaintiff herein, is the nephew of Mrs. LaLonde and resides in the State of California.[1]

Mrs. LaLonde was given a permanent signature card with instructions to return the card later with the signatures of the parties to the account. She did not return the card to the bank. Subsequent to the March 31st deposit of $4,218.46, Mrs. LaLonde made deposits of $1,364.25 on April 26, 1967 and $10,000 on May 18, 1967, making a total of $15,582.71. There were no withdrawals. She died on August 11, 1967, leaving a will which made no mention of the plaintiff. It is undisputed that Mrs. LaLonde had continuous possession of the passbook, and that the plaintiff nephew had no knowledge of the bank account prior to Mrs. La-Londe's death.

Defendant, Harold Richard, a brother of the decedent, withdrew the funds from the bank account in his capacity as special administrator of

---

[1] Although the opinion of the trial court indicates that Eugene G. Richard was a grandson of Mrs. LaLonde, the agreed statement of facts shows that Eugene G. Richard was a nephew of the decedent.

the estate. He claimed that the funds belonged to the estate rather than to the plaintiff. This question forms the basis of the dispute.

Neither the issue nor facts of this case are complex. The sole question to be decided is whether the decedent intended to create a joint account when she signed a temporary signature card and included the name of another without his signature or knowledge.

Absent specific testimony as to the decedent's intent, we must look to pertinent statutes and exhibits to decide the question. MCLA 487.703, MSA 23.303 provides in part as follows:

. "When a deposit shall be made, in any bank by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interests thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them * * * .

"The making of the deposit in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors."

Two leading Michigan cases concur in interpreting this statute. They hold that the creation of a joint account creates a rebuttable presumption that the funds placed in a joint account are intended to be the property of the survivors. *Jacques v Jacques,* 352 Mich 127; 89 NW2d 451 (1958);

*Kirilloff v Glinisty,* 375 Mich 586; 134 NW2d 707 (1965).

Before plaintiff may have the benefit of the statutory presumption of intent to vest title, he must demonstrate that Mrs. LaLonde opened the savings account in question in such form as to be a joint account. It becomes critical to observe the conditions imposed by the temporary signature card which decedent utilized to open the account and upon which plaintiff's name appears:

The statement in pertinent part is as follows:

"If this account is opened in the names of two or more individuals, the person or persons opening the account agree that the same shall be a joint account subject to all rights incident to such an account *including the right of survivorship even though all signatures do not appear hereon."* (Emphasis supplied.)

The burden was clearly on the defendant to rebut the presumption that a joint account was created. *Jacques v Jacques, supra.* See also *Schrage v Schram,* 39 F Supp 906 (ED Mich, 1941). The only fact relied on by defendant contra to the presumption is that the decedent failed to return the permanent signature card. We do not find that this sole fact rebuts the presumption. It is, therefore, the opinion of this Court that an examination of the agreed statement of facts and exhibits can lead to no other conclusion than that Mrs. La-Londe intended to create a joint account with the plaintiff at the time the account was opened.

The trial judge reasoned that he would have no way of knowing Mrs. LaLonde's intent on the day she opened the account. He concluded, however, that she did not intend to make the account joint at the time the temporary signature card was executed at the bank; further, that she did not

even wish to make the account joint because the permanent card was never signed and returned.

We hold that just the reverse reasoning applies. Under the terms of the temporary signature card, the signature of decedent and name of plaintiff affixed thereto created a presumption that Mrs. LaLonde intended that the account be joint with her nephew. The agreed statement of facts discloses no occurrence wherein she showed any inclination to to change her original intention.

It would be easy to present many plausible reasons as to why Mrs. LaLonde did not return the permanent signed card. The facts are that she neither did that nor did she do anything to change the original status of the account.

We hold that the bank account in question was joint and that as the survivor, plaintiff was entitled to the proceeds.

Reversed, costs to plaintiff.