*In re* CAIN ESTATE

CAIN v MCDONALD

CAIN v BARKER

Docket Nos. 80513, 82133. Submitted May 8, 1985, at Grand Rapids.—
Decided December 16, 1985.

Bobby Lee Cain died testate, having appointed his mother, Betty
Jo McDonald, as the personal representative of his estate. His
estranged wife, Cynthia Cain, filed a petition in the Calhoun
Probate Court to remove McDonald as personal representative.
Although Cain complained of McDonald's handling of a number
of small items allegedly belonging to the estate, the major
portion of the controversy surrounded the distribution of $25,-
000 from bank accounts in which the deceased had an interest.
The probate court, Phillip E. Harter, J., after a hearing dis-
missed Cain's petition, holding that McDonald had not commit-
ted any act requiring her removal as personal representative.
The court specifically found that it was proper for McDonald
not to have inventoried the disputed $25,000 since the deceased
had manifested a clear intent to create a joint account with his
uncle, Leaborn Barker, who held sole legal title to the money
by surviving the deceased. The court added that its finding did
not preclude a circuit court action on behalf of the children of
the deceased to create a constructive trust over the funds in their
favor. Cain and the children of the deceased filed an action
in Calhoun Circuit Court seeking to have the $25,000 from
the joint bank accounts and other property declared their as-
sets or, in the alternative, assets of the estate of the deceased.

REFERENCES

Am Jur 2d, Banks §§ 369 *et seq.*

Am Jur 2d, Courts §§ 87 *et seq.*

Am Jur 2d, Executors and Administrators §§ 216 *et seq.*

Am Jur 2d, Judgments §§ 394 *et seq.*

Am Jur 2d, Wills §§ 850 *et seq.*

Creation of joint savings account or savings certificate as gift to
survivor. 43 ALR3d 971.

See also the annotations in the ALR3d/4th Quick Index under
Collateral Estoppel Doctrine; Executors and Administrators;
Wills.

They also sought a restraining order or injunction prohibiting the withdrawal or other distribution of the monies by either Barker or McDonald from defendant Great Lakes Federal Savings and Loan Association. Barker filed a motion for accelerated judgment. The circuit court, James C. Kingsley, J., granted the motion on the ground that the probate court, not the circuit court, had jurisdiction over the disputed ownership of the $25,000 and other assets. Cain appealed from the probate court dismissal of her petition to remove McDonald as personal representative and, along with the minor children of the deceased, from the circuit court grant of accelerated judgment in favor of Barker. The appeals were consolidated. *Held:*

1. The probate court did not abuse its discretion in refusing to remove McDonald as personal representative. McDonald appears to have acted in good faith in discharging her statutorily mandated duties as personal representative. Ordinarily, the appropriate remedy for mistakes of the sort involved here is intervention by the probate court to correct the mistake or, if the error cannot be corrected, surcharge of the personal representative.

2. The circuit court correctly rejected defendants' argument that plaintiffs were barred by the doctrine of collateral estoppel from bringing the action in circuit court. Collateral estoppel did not apply since defendant Barker was not a party to the probate court action and the issue of title to the money was not fully litigated in the probate court.

3. The Revised Probate Code provides that the probate court has concurrent jurisdiction to determine an action or a proceeding concerning a constructive trust; exclusive jurisdiction over matters relating to the settlement of an estate; and concurrent jurisdiction, when ancillary to the settlement of an estate, to determine the validity of and resolve claims involving title to real and personal property. The probate court addressed the issue of legal title to the money in reaching the ultimate issue of whether the personal representative should be removed. The circuit court was therefore correct in deciding that it could not consider the case because of the probate court's prior involvement.

4. The issue of title to the money was not fully addressed by the probate court. The inquiry does not end with a determination that the deceased intended to create a joint account. The court must also determine whether the deceased intended to vest title in Barker as the survivor. Barker should be joined as a necessary party.

The decision of the circuit court is affirmed. The decision of the

probate court is affirmed in part, and the case remanded for a hearing on the issue of title to the disputed money.

1. WILLS — PROBATE COURT — PERSONAL REPRESENTATIVE.

The remedy when a personal representative makes a wrong decision in good faith is not ordinarily removal, but rather intervention by the court to correct the error or, if the error cannot be satisfactorily corrected, to surcharge the personal representative.

2. ESTOPPEL — JUDGMENTS — COLLATERAL ESTOPPEL.

Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action.

3. WILLS — PROBATE COURT — JURISDICTION.

The probate court has concurrent jurisdiction to determine an action or proceeding of a constructive trust (MCL 700.22[j]; MSA 27.5022[j]).

4. WILLS — PROBATE COURT — JURISDICTION.

The probate court has exclusive jurisdiction over matters relating to the settlement of the estate of a deceased person (MCL 700.21[a]; MSA 27.5021[a]).

5. WILLS — PROBATE COURT — JURISDICTION.

The probate court, when ancillary to the settlement of an estate, has concurrent jurisdiction to determine the validity of and resolve claims involving title to real and personal property (MCL 700.22[1][a]; MSA 27.5022[1][a]).

6. COURTS — CIRCUIT COURT — JURISDICTION.

The circuit court has original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given by constitution or statute to another court (MCL 600.605; MSA 27A.605).

7. COURTS — JURISDICTION — CONCURRENT JURISDICTION.

When a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of, and no court or coordinate authority is at liberty to interfere with its action.

8. BANKS AND BANKING — JOINT ACCOUNTS — RIGHTS OF SURVIVORSHIP — PRESUMPTIONS — STATUTES.

The creation of a joint account is prima facie evidence of an intention to vest title to the account in the survivor (MCL 487.703; MSA 23.303).

9. BANKS AND BANKING — JOINT ACCOUNTS — RIGHTS OF SURVIVOR-
    SHIP — INTENTION OF PARTIES.
    A deceased must have intended a joint bank account to become
    the property of the survivor in order for title to vest in the
    survivors (SJI2d 173.02).

*Sloan, Benefiel, Farrer, Newton & Glista* (by
*Gary C. Newton),* for petitioner.

*Robert J. Borrowdale,* for respondent.

Before: SHEPHERD, P.J., and R. M. MAHER and
W. R. PETERSON,* JJ.

SHEPHERD, P.J. Petitioner Cynthia Cain appeals
as of right from a Calhoun County Probate Court
order of September 6, 1984, dismissing her petition
to remove respondent Betty Jo McDonald as per-
sonal representative of the estate of Bobby Lee
Cain. (Docket No. 80513.) In a consolidated case,
plaintiff Cynthia Cain and deceased's children ap-
peal from a Calhoun County Circuit Court order
granting defendants' motion for accelerated judg-
ment on plaintiffs' claim that legal title to certain
assets was in the estate. (Docket No. 82133.) We
affirm the circuit court dismissal, and affirm the
probate court order dismissing the petition to re-
move the personal representative, but remand to
the probate court for further proceedings on the
issue of legal title to a sum of $25,000.

The deceased died testate by hanging himself
while in the Battle Creek City Jail on January 26,
1984. The deceased's will appointed Betty Jo Mc-
Donald (McDonald), deceased's mother, as the per-
sonal representative of his estate. Defendant Cynt-
hia Cain (Cain), deceased's estranged wife, filed a
petition with the probate court to remove Mc-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Donald as personal representative, alleging that she had been adverse, uncooperative, uncaring and hostile toward the beneficiaries of the estate; that she has not fully accounted for assets or liabilities of the estate; that she wrongfully sold an asset of the estate; and that she has conflicts with the best interests of the estate. Although Cain complains of the handling of a number of small items allegedly belonging to the estate, the major portion of the controversy surrounds the distribution of $25,000 from bank accounts with Comerica Bank in which the deceased had an interest.

On August 24, 1984, after a hearing on Cain's petition to remove McDonald as personal representative, the probate court held that McDonald had not committed any act requiring her removal as personal representative of the estate. The court specifically found with regard to the disputed $25,-000 that because deceased and Leaborn Barker, deceased's uncle, had signed a signature card before deceased's death, and because deceased and Barker were living together at the time and had a long history of joint accounts together, deceased manifested a clear intent to create a joint account with Barker. The probate court opined that it was proper for the personal representative not to have inventoried the amounts because legal title to them was in the name of Barker as the survivor of the deceased. The court added that its finding did not preclude an action in the circuit court on behalf of the children for the creation of a constructive trust over such funds in their favor. On September 6, 1984, the probate court entered an order dismissing the petition, ordering the personal representative to file a second amended inventory, including the contents of a safety deposit box as assets of the estate, and ordering the widow to file a new petition requesting a homestead

allowance within 30 days of the filing of the amended inventory.

On September 4, 1984, plaintiffs in the circuit court action filed a complaint requesting that the $25,000 from the joint bank account, a coin collection, property contained in a safety deposit box and approximately $400 in cash be declared assets of the plaintiffs or, in the alternative, assets of the estate of the deceased. Plaintiffs did not contend that the children had equitable title to the assets and that a constructive trust should be imposed. Rather they argued, as petitioner had argued before the probate court, that *legal* title belonged to the plaintiffs or the estate. Plaintiffs also sought a restraining order or injunction prohibiting the withdrawal or other distribution of the monies by either Barker or McDonald from defendant Great Lakes Federal Savings & Loan. Barker brought a motion for accelerated judgment, and a hearing on the motion was held on October 22, 1984. The circuit court, stating that the prayer for relief was to determine ownership of the money, granted the motion for accelerated judgment on the ground that the probate court, not the circuit court, had jurisdiction over the dispute.

We first address the issue of whether the probate court abused its discretion by refusing to remove McDonald from her position as personal representative of the estate. Section 574 of the Revised Probate Code, MCL 700.574; MSA 27.5574, governs removal of a personal representative by the court. It provides in pertinent part:

"If a fiduciary resides out of this state or, after due notice by the court, neglects to render his account and settle the estate according to law or to perform any order of the court or absconds or otherwise becomes unsuitable or incapable to discharge the trust, the court

may remove the fiduciary by an order therefor following hearing, notice of which may be given in any manner provided by supreme court rule."

Petitioner Cain contends that certain alleged improprieties in McDonald's handling of estate assets and inventory of assets warrant McDonald's removal as personal representative. Cain alleges that certain estate assets were not listed in the inventory, including a coin collection worth approximately $800, a ring and a watch, and most importantly, the $25,000 from the joint checking account. She also claims that the personal representative wrongfully sold a car Cain wanted for her own use. The probate court concluded that the $25,000 was not an estate asset and, thus, properly was excluded from the inventory. With regard to the ring, watch, and coin collection, the court held that these items were estate assets and ordered that they be included in an amended inventory. However, the court concluded that McDonald had not acted fraudulently or for her own interest and advantage, and, accordingly, her actions did not warrant removal or surcharge. The court noted that the remedy where the personal representative makes a wrong decision in good faith is not ordinarily removal, but rather intervention by the court to correct the error or, if the error cannot be satisfactorily corrected, to surcharge the personal representative. The probate court further concluded that the personal representative had not acted improperly in selling deceased's car since it appeared initially that there was not enough money in the estate to pay the funeral expenses.

Based on our review of the record, we find that the probate court did not abuse its discretion in refusing to remove McDonald as personal representative. McDonald appears to have acted in good

faith in discharging her statutorily mandated duties as personal representative. We agree that ordinarily the appropriate remedy for mistakes of the sort made here is intervention by the probate court to correct the mistake or, if the error cannot be corrected, surcharge of the personal representative.

We next turn to the question of whether the circuit court correctly determined that the probate court, rather than the circuit court, had jurisdiction over the dispute between plaintiffs and defendants regarding title to the $25,000 and other property.

We first note that the circuit court correctly rejected defendants' argument that plaintiffs were barred from bringing the action in circuit court by the doctrine of collateral estoppel. Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action. *Stolaruk Corp v Dep't of Transportation,* 114 Mich App 357, 361-362; 319 NW2d 581 (1982). Since Barker was not a party to the probate court action, collateral estoppel does not apply. *Braxton v Litchalk,* 55 Mich App 708, 719; 223 NW2d 316 (1974). Moreover, although the probate court appears to have decided the matter of legal title to the money, that determination was ancillary to the ultimate issue of whether the personal representative should have been removed. Consequently, the issue of title to the money was not fully litigated. *Stolaruk, supra,* p 362. Furthermore, the probate court specifically declined to rule on the issue of equitable title (constructive trust), thereby inviting further litigation in circuit court on this additional issue.

Although the probate court implied that it did not have jurisdiction to consider an action for

imposition of a constructive trust, we note that the probate court clearly does have jurisdiction over the matter. Section 22(j) of the Revised Probate Code provides that the probate court has concurrent jurisdiction "[t]o determine an action or proceeding of a constructive trust". MCL 700.22(j); MSA 27.5022(j). However, as noted above, the beneficiaries did not seek imposition of a constructive trust over the assets in either proceeding.

Section 21(a) of the Revised Probate Code provides that the probate court has exclusive jurisdiction over "matters relating to the settlement of the estate of a deceased person". MCL 700.21(a); MSA 27.5021(a). Section 22(1)(a) provides that in addition to the jurisdiction conferred by section 21 and other laws, when ancillary to the settlement of an estate, the probate court has concurrent jurisdiction "[t]o determine the validity of and resolve claims involving title to real and personal property". MCL 700.22(1)(a); MSA 27.5022(1)(a). The circuit court has original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given by constitution or statute to another court. MCL 600.605; MSA 27A.605.

The circuit court determined that the probate court had exclusive jurisdiction to determine title to the property. We find it unnecessary to address the issue of whether jurisdiction in this instance is concurrent or exclusive because even if the circuit court has concurrent subject matter jurisdiction, it could not consider the case because of the prior involvement of the probate court. In *Schell v Schell,* 257 Mich 85, 88-89; 241 NW 223 (1932), the Supreme Court, quoting from earlier cases, held:

" 'It is a familiar principle that when a court of competent jurisdiction has become possessed of a case,

its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of; and no court or co-ordinate authority is at liberty to interfere with its action.'

*   *   *

" 'Among courts having concurrent jurisdiction of any given subject-matter the court whose jurisdiction rightfully first attaches shall exercise and continue that jurisdiction free from any interference by any other court having a like jurisdiction.' "

Here, the probate court had decided to address the matter of legal title to the money in reaching the ultimate issue of whether the personal representative should be removed. The circuit court was therefore correct in deciding that it would not interfere with the decision made in the prior probate proceeding to address that issue.

Notwithstanding the fact that the probate court addressed the issue of title to the $25,000, we remand the case to the probate court for a hearing on the issue of whether title belongs to plaintiffs or defendants. Plaintiffs should not be held to have lost their entire case based on the probate court's decision in an ancillary proceeding to remove the personal representative. In the earlier hearing, the parties did not conduct a full hearing on this specific question. Moreover, Barker was not even a party to the probate court action. He should be joined as a necessary party on remand pursuant to MCR 2.205.

In addition, the probate court does not appear to have fully addressed the legal question involved. The probate court simply concluded that the deceased intended to create a joint account. However, that determination does not end the inquiry. The court must also determine whether the deceased intended to vest title in Barker as the survivor. MCL 487.703; MSA 23.303 provides that

the creation of a joint account is prima facie evidence of an intention to vest title to the account in the survivor. Similarly, recently approved Standard Jury Instruction 173.02 provides that the deceased must have intended the joint account to become the property of the survivor.[1] See also *Kirilloff v Glinisty,* 375 Mich 586, 588; 134 NW2d 707 (1965), *Richard v Richard,* 58 Mich App 660, 662; 228 NW2d 512 (1975).

The decision of the circuit court is affirmed.

The decision of the probate court is affirmed in part, and the case is remanded for further proceedings in accordance with this opinion.

---

[1] SJI2d 173.02 states:

"The law provides that when a (bank account/credit union account/ savings and loan association account/[_____ other]) is in the name of more than one person, providing for payment to either person or to the surviving person, the balance of the money in the account upon the death of either person belongs to and becomes the property of the survivor.

"However, the account does not become the property of the survivor if:

a. (_____ name of decedent) did not intend the account to become the property of the survivor, or

b. when the account was opened, (_____ name of decedent) did not have the mental capacity to know or understand that the account would become the property of the survivor, or

c. (the account was opened/the survivor's name was added to the account) as a result of fraud, or

d. (the account was opened/the survivor's name was added to the account) as a result of undue influence.

"The petitioner has the burden of proving that (_____ name of decedent) did not intend the account to become the property of the survivor/(_____ name of decedent) did not have the mental capacity to know or understand that the account would become the property of the survivor/the account was opened as a result of fraud/ the survivor's name was added to the account as a result of fraud/the account was opened as a result of undue influence/the survivor's name was added to the account as a result of undue influence)."

Approved for use October, 1985.