Argued December 1, reversed December 14, 1915.

# Ex Parte BOWERS.
## BOWERS v. GRANT.

(153 Pac. 412.)

**Habeas Corpus—Custody of Infant.**

1. *Habeas corpus* proceedings, instituted to secure the discharge of children from alleged illegal restraint, though somewhat analogous to the ordinary application for discharge from illegal arrest, are usually contests between those claiming the custody of the child, in which case inquiry is directed as to which contestant is better fitted to have control of the infant.

**Infants—Delinquent Children—Statutes.**

2. Legislation creating Juvenile Courts was not designed to convict youths charged with commission of crime, but rather to control the training of neglected children; therefore, the act of the Juvenile Court, in awarding to any person custody of dependent minor is not a judgment in a criminal action.

**Infants—"Dependent Child"—Juvenile Court Act.**

3. Section 4406, L. O. L., defines a "dependent child" as any person under the age of 18 years who is destitute, homeless, or abandoned. Section 4407, L. O. L., which formerly conferred upon the Circuit Court of Multnomah County original jurisdiction as a Juvenile Court, because the county contained more than 100,000 inhabitants, was amended by Laws of 1915, page 177, Section 1, which gave that power to the county courts of several counties. Section 4409, L. O. L., authorizes any resident of the county to file a petition setting forth facts constituting dependency of a child, while Sections

4410, 4414, and 4415, L. O. L., provide for citation upon the petition and proceedings thereunder authorizing the court to award the care of dependent children to some reputable person. The Circuit Court of Multnomah County made a finding that a child was dependent and provided that its custody should be delivered to persons in another county. After the ·amendment, the county court of Multnomah County directed that custody of the infant should be restored to the mother. *Held* that, as the county which first obtains jurisdiction over an infant retains it, though the infant be carried into another county, such order of the Multnomah County Court was binding.

[As to *habeas corpus* as remedy by parent to recover child from custody of other parent, see note in **Ann. Cas. 1912C, 868.**]

From Polk: HARRY H. BELT, Judge.

In Banc. Statement by MR. CHIEF JUSTICE MOORE.

This is a special proceeding by Mollie Bowers against Milt B. Grant, to inquire into the cause of the restraint of her daughter, Marion Bowers, who is four years old, and to secure the latter's release. The facts are that the juvenile department of the Circuit Court of the State of Oregon for·Multnomah County caused to be recorded in its journal an entry which reads:

"In the Matter of MARION BOWERS, a Dependent Child.

"It appearing this 1st day of July, 1913, that the said Marion Bowers is a dependent child, in that the parents accuse each other of not being fit and proper persons to care for the child, and it also appearing that Mr. Bowers does not want the child, and that the grandparents, Mr. and Mrs. John Stump, of Dallas, Oregon, will take said child: It is ordered that said Marion Bowers be made a ward of this court, and that she be allowed to remain in the custody of the mother, Mrs. Mollie Bowers, until the further order of the court."

Pursuant to this order Marion Bowers was taken to Dallas, Oregon, by her mother, who in November, 1913, left the child with Mr. and Mrs. Milt B. Grant of that city. Mrs. Bowers about February 1, 1914, demanded possession of the child from Mr. Grant, who refused

to surrender her. The mother thereupon undertook surreptitiously to take her daughter to Portland, but her attempt to do so proved unavailing.

The County Court of Polk County, Oregon, on September 25, 1914, based upon a petition therefor, while the little girl and her mother were within that county, and with notice of the previous order of the Juvenile Court of Multnomah County, made an order which reads:

"In the Matter of Marion Bowers, a Dependent Child.

"This day, this cause coming on to be heard, and after evidence was taken, the court took the same under advisement pending the final disposition of the cause: It is ordered that the child remain in the care of Milt Grant and wife, in Dallas, Polk County, Oregon."

The Juvenile Court of Multnomah County made another order in the matter hereinbefore referred to, as follows:

"Now on this 9th day of February, 1915, this cause coming on regularly to be heard, and it appearing to the court that Mr. John Stump, grandfather of Marion Bowers, a ward of this court, has since the entry of the last order herein, died; and it further appearing that Mrs. Mollie Bowers, mother of said Marion Bowers, a ward of this court, is at the present time in position to give such ward a good and proper home, with good surroundings, and is able to look after said ward's welfare: It is ordered that so much of that certain order made by this court and entered in this cause on the first day of July, 1913, as relates to the care of said Marion Bowers by Mr. and Mrs. John Stump, of Dallas, Oregon, be and the same hereby is revoked. It is further ordered that said Marion Bowers, a ward of this court, be allowed and permitted to remain and be in the custody of the mother, Mrs. Mollie Bowers, subject to the supervision of this court, and the officers thereof, until further order of the court. It is fur-

ther ordered that, pending further order of this court, said Mollie Bowers, mother of said ward, be and she hereby is required to personally bring said ward into this court twice each month, in order that this court, and its officers, may note the condition and welfare of said ward, from time to time. It is further ordered that said Marion Bowers shall continue as a ward of this court.''

Mrs. Bowers made another demand for the possession of the child upon Mr. Grant, who refused to comply therewith, whereupon these *habeas corpus* proceedings were instituted in the Circuit Court of the State of Oregon for Polk County.

Predicated upon the petition, which is in the usual form, a writ was issued, and for return thereto the defendant stated that the child had continuously been in that county more than 18 months last past; that about November 10, 1913, the little girl was placed by her mother in the custody of Mr. and Mrs. Grant, who ever since had cared for the child; that in September, 1914, she was a dependent child whose parents had been divorced, and that her mother was not a fit or proper person to have the care of the girl, setting forth the alleged reasons for such unfitness; that while Mrs. Bowers and her daughter were in Polk County a verified petition was filed in the County Court thereof, as the juvenile department, and founded upon that application and the service by due publication of such proceedings upon the father of the child the order was made as hereinbefore quoted. For a further and separate return it was alleged that in September, 1913, and prior thereto, the little girl was a homeless child in the custody of her mother, who was dissolute, guilty of neglect and cruelty to the child, and is not a fit or proper person to have the care there-

of; that in November, 1913, the girl was placed in the custody of Mr. and Mrs. Grant, who have given her a good home and proper care.

The material averments of the return were denied, and the petitioner set forth the orders of the Juvenile Court of Multnomah County, and alleged that the order made by the County Court of Polk County is void, that the Circuit Court for that county was without authority to hear or determine the question of who is a fit or proper person to have the temporary care of the child, and that such exclusive jurisdiction is vested in the Juvenile Court of Multnomah County. These allegations of new matter were put in issue, whereupon the cause was tried and, based on the testimony taken, the proceedings were dismissed and the petitioner appeals.                    REVERSED.

For appellant there was a brief over the names of *Mr. Walter L. Tooze, Jr., Mr. Charles W. Robinson* and *Mr. Walter H. Evans,* with oral arguments by *Mr. Tooze* and *Mr. Robinson.*

For respondent there was a brief over the names of *Messrs. Sibley & Eakin* and *Mr. Glenn O. Holman,* with oral arguments by *Mr. Joseph E. Sibley* and *Mr. Holman.*

Opinion by Mr. Chief Justice Moore.

1. *Habeas corpus* proceedings, instituted to secure the discharge of children from alleged illegal restraint, though somewhat analogous to the ordinary application of a party to be relieved from a criminal charge, is usually a controversy between the parents of such child, or between one or both of them and a stranger, in which case the real inquiry is not limited to the sole

question of jurisdiction as in criminal actions, but extends to a consideration as to which of the contestants is better qualified to have the custody and control of the minor, so as to promote his best interests: *In re North Pacific Presbyterian Board of Missions* v. *Ah Won,* 18 Or. 339 (22 Pac. 1105); *Rivers* v. *Mitchell,* 57 Iowa, 193 (10 N. W. 626). The state, as *parens patriae* and successor to the king in England, exercises by equitable proceedings a general supervision over, and is in theory the guardian of, all minors who are neglected by their parents. "The right of the state to exercise guardianship over a child," says Mr. Justice CHADWICK in *Weber* v. *Doust,* 84 Wash. 330, 333 (146 Pac. 623, 624), "does not depend on a statute asserting that power. Such statutes are only declaratory of the power already and always possessed by courts of chancery, and they will even now exercise that power concurrently or in aid of a statute."

2. Legislation creating Juvenile Courts is of modern origin. An enactment of that kind was not designed as a means to try, convict and punish youths charged with the commission of crimes. The tribunals so constituted are agencies of the state to direct and control the training of neglected children, placing them under favorable surroundings, in order that they may be saved from evil lives and grow up good citizens: *State* v. *Eisen,* 53 Or. 297 (99 Pac. 282, 100 Pac. 257); *State* v. *Dunn,* 53 Or. 304 (99 Pac. 278, 100 Pac. 258). The act of a Juvenile Court in awarding to any person the custody of a dependent minor, who is too young properly to select a guardian, is not a judgment in a criminal action; and the keeping of such child, pursuant to an order of that kind, is not a restraint of its liberty, but constitutes such parental care as is re-

quired and as should be exercised in behalf of young children.

Mr. and Mrs. Grant have no children of their own. They have cared for Marion Bowers as though she were their own offspring, and they are able, ready and anxious to continue properly to support, maintain, and educate her. The Circuit Court evidently considered and undertook to promote the best interests of the child when it dismissed the writs of *habeas corpus* and committed the custody of the minor to the defendant until further ordered. If the County Court of Polk County, as a juvenile tribunal, had jurisdiction of the subject matter September 25, 1914, and was authorized to order Marion Bowers returned to the custody of Mr. and Mrs. Grant as set forth in the journal entry hereinbefore quoted, the determination of the trial court would be entitled to great consideration.

3. The statute defines a "dependent child" to mean any person under the age of 18 years who, for any reason, is destitute, homeless or abandoned: Section 4406, L. O. L. Formerly the Circuit Court of Multnomah County, which contained more than 100,000 inhabitants, had original jurisdiction as a Juvenile Court: Section 4407, L. O. L. Such was the law when Marion Bowers was adjudged by that court to be a dependent child. By the amendment of that section the County Courts of the several counties of this state now have original jurisdiction in all cases, coming within the terms of the act: Gen. Laws Or. 1915, c. 147. Any reputable person, being a resident of the county and having knowledge of a child therein who appears to be dependent, may file with the clerk of the court having jurisdiction in the matter a written verified petition, setting forth the facts constituting such de-

pendency: Section 4409, L. O. L. Upon the filing of the petition a citation must be issued, requiring the person having the custody or control of the child to appear with such child at a time and place specified in the notice: Section 4410, L. O. L. When any child under the age of 18 years shall be found to be dependent or neglected, the court may make an order committing the child to the care of some reputable citizen of good moral character, and may thereafter set aside, change, or modify such order: Section 4414, L. O. L. In any case where the court awards a child to the care of any individual, according to the provisions of the juvenile law, the child shall, unless otherwise ordered, become a ward and be subject to the guardianship of the individual to whose care it is committed: Section 4415, L. O. L.

These provisions confer upon the County Court, which first secures original jurisdiction of the matter of a dependent child, the sole power to hear and determine the question. The petitioner, Mollie Bowers, and her daughter, the ward, Marion, were before the County Court of Polk County, September 25, 1914, when the order was made that the child remain in the care of Mr. and Mrs. Grant. This appearance may have conferred jurisdiction of the person of the mother and her daughter, but not of the subject matter, the right to dispose of the ward, which power remained in the Juvenile Court of Multnomah County. Courts of that kind find homes for dependent children in various counties of the state, and to permit another court to interfere with a ward when duly adjudged to be such would create interminable difficulties. An alleged dependent infant, who has, pursuant to a duly verified written petition setting forth the necessary facts, been brought before a juvenile tribunal and

found to be in need of a guardian, who is appointed, thereby becomes a ward of the court and is bound by its determination until the order has been set aside: 3 Pomeroy, Eq. Juris. (3 ed.), § 1305; *McGowan* v. *Lufburrow,* 82 Ga. 523 (9 S. E. 427, 14 Am. St. Rep. 178); *Lloyd* v. *Kirkwood,* 112 Ill. 329. In a note to the case of *Sharon* v. *Terry,* 1 L. R. A. 572, 573, it is said:

"Between courts of concurrent jurisdiction, the court first acquiring jurisdiction will retain it, and will not be interfered with by another court."

This rule is so elementary as to require no further citations of authority supporting the legal principle. The Juvenile Court of Multnomah County having first secured jurisdiction of the subject matter and never having dismissed the proceedings or released the ward, the County Court of Polk County, a tribunal of concurrent power, had no authority to intermeddle with the custody of the child, and its decree attempting to affect such custody is void.

It is argued by defendant's counsel that, if an adjudged dependent child should be taken to another county by his guardian to be placed in a home, such ward might be imposed upon and suffer injury unless relief could immediately be granted by the Juvenile Court of the county in which the infant might be found. This argument is forceful, and if it were addressed to the legislative assembly an amendment of the statute, regulating the procedure in the Juvenile Courts, might possibly be secured. No power is lodged in the courts, in counties other than that in which the original jurisdiction was secured, to correct such supposed abuses, for the statute commands in general that in case of a decree in respect to the per-

sonal or legal condition or relation of a particular person such order is conclusive upon that subject: Section 756, L. O. L. If Mr. and Mrs. Grant, who, from a transcript of the testimony before us, appear to be in every way worthy, competent and qualified for the trust, desire the custody of the little girl whom they have cared for and kept for more than two years, they must apply therefor to the Juvenile Court of Multnomah County, which has exclusive jurisdiction of the subject matter.

The action of the Circuit Court in denying the petition, dismissing the proceedings, and awarding the custody of Marion Bowers to the defendant is erroneous, and in consequence thereof the judgment is reversed, and one will be entered here restoring the liberty of the ward and surrendering her to the petitioner, Mollie Bowers, until the further order of the Juvenile Court of Multnomah County in the matter.       REVERSED.