Submitted on brief December 16, 1925, reversed January 26, 1926.

## JULIET P. ADDISON v. WILLIAM ADDISON.

(242 Pac. 832.)

**Divorce — Modification of Decree as to Custody of Child Held Erroneous.**

1. Modification of divorce decree, awarding custody of twelve year old daughter of parties to wife, who appeared to be good mother, whose care and influence was needed by child, by awarding custody to husband for nearly a year, *held* erroneous.

**Divorce—Agreements Between Parents as to Custody of Child Should not Take Precedence Over Latter's Welfare.**

2. Agreements between divorced parents concerning custody of minor child may be persuasive on court, but are not controlling, and should not take precedence over child's welfare.

**Divorce—Minor Children Wards of Court.**

3. In divorce proceedings, minor children of parties are wards of court.

**Appeal and Error—Extraterritorial Effect of Decree Awarding Custody of Child to Father for Stated Period, Which has Expired, not Considered.**

4. Extraterritorial effect of decree awarding custody of minor child to father for stated period, which has expired, is moot question, which need not be considered.

_____

Divorce, 19 C. J., p. 341, n. 80, p. 343, n. 10, p. 347, n. 68, 71.

From Clackamas: JAMES U. CAMPBELL, Judge.

In Banc.

In April, 1920, the plaintiff obtained a decree of divorce from defendant and was awarded the custody

_____

1. See 9 R. C. L. 476.
2. See 9 R. C. L. 474.

of her daughter, June, who at that time was 12 years of age. The defendant made no appearance, but the decree provided that he should "have the right to visit said child at such times and places as may be found suitable and convenient for both parties." On July 31, 1924, the defendant moved to modify the decree so as to award custody of the minor child to him. The matter was submitted solely on affidavits, and the court modified the decree relative to custody of the child as follows:

"That the care and custody of said minor child, June Addison, be and the same hereby is awarded to the defendant, William Addison, from the 23rd day of September, 1924, to and including the first day of September, 1925; that the defendant shall pay all expenses incident to the transfer of said minor child, June Addison, from the state of New York to the state of Oregon, and shall, on the first day of September, 1925, cause said minor child, June Addison, to be delivered back to the plaintiff and to be properly chaperoned en route to plaintiff."

Plaintiff appeals from such order and the cause is submitted to us on appellant's brief only.

REVERSED.

For appellant there was a brief over the name of *Mr. Louis E. Schmitt.*

For respondent there was a brief over the name of *Mr. Roscoe P. Hurst.*

BELT, J.—1. It appears from the mother's affidavit that she and her daughter left their home here in July, 1921, and since that time have been and are now residents of the State of New York. We think no good purpose would be served in reviewing the

117 Or.—6

facts as averred in the various affidavits. Suffice it to say, the plaintiff, who has recently remarried, appears to be a good mother, and we are convinced that June needs her care and influence.

2, 3. The trial court, in modifying the decree, undoubtedly, was endeavoring to carry out an alleged agreement of the parents concerning the disposition of this girl, but we think such contracts should not take precedence over her welfare. They may be persuasive on the court, but certainly are not controlling. Parents cannot stipulate away the interests of a child, who, indeed, is the innocent victim of their marital troubles.

4. In divorce proceedings minor children are wards of the court. In our opinion it was error so to modify the decree. It is not necessary to consider the extraterritorial effect of such decrees, but attention is called to the holding of this court in *Griffin* v. *Griffin,* 95 Or. 78 (187 Pac. 598). Under the decree as modified, defendant's right to the custody of the child terminated September 1, 1925. It is now a moot question: *State ex rel.* v. *Webster,* 58 Or. 376 (114 Pac. 932).

The order modifying the original decree is reversed and plaintiff will recover costs and disbursements.                                    Reversed.