Argued June 13, affirmed June 27, petition for rehearing denied
August 14, 1951

# QUINN *v.* HANKS
233 P. 2d 767

*Allan G. Carson,* of Salem, argued the cause for appellants. With him on the brief was Wallace P. Carson, of Salem.

*Joseph M. Devers, Jr.,* of Stayton, argued the cause for respondent. With him on the brief was Walter H. Bell, of Stayton.

Before BRAND, Chief Justice, and HAY, WARNER and TOOZE, Justices.

TOOZE, J.

This is a habeas corpus proceeding to determine the custody of Judy Jean Bristol, infant daughter of Jean Bristol Quinn and her former husband, Jack Bristol. The proceeding was instituted by Jean Bristol Quinn, named as petitioner, against Julia A. Hanks and Carlos B. Hanks, and Nona White, as probation officer of Marion county, Oregon, named as respondents. From a decree sustaining the writ and awarding custody of said child to the petitioner, the respondents Julia A. Hanks and Carlos B. Hanks appeal.

■ In passing, we suggest that in habeas corpus proceedings the person applying for the writ should be designated as "plaintiff," and the persons to whom the writ is directed, as "defendants," rather than as "petitioner" and "respondents." §§ 11-422 and 11-423, O.C.L.A.; 39 C.J.S., Habeas Corpus, 620, § 77.

The plaintiff and Jack Bristol were married at Vancouver, Washington, on November 2, 1942. On October 2, 1943, Judy Jean Bristol was born as the lawful issue of such marriage. On February 7, 1944, Jean Bristol (now Quinn), as plaintiff, filed suit for divorce against Jack Bristol, as defendant, in the circuit court

for Clackamas county, Oregon. On February 21, 1944, a decree of divorce was duly entered of record in said circuit court in favor of the plaintiff therein. By said decree the custody of Judy Jean Bristol was awarded to defendant herein, Julia A. Hanks, the maternal grandmother of said child, reserving to defendant in that suit reasonable visiting privileges, and requiring him to make an allotment out of his pay as a member of the armed forces of the United States for the support of his child, which he did. Plaintiff also contributed to the child's care and support.

On August 14, 1945, pursuant to the motion of plaintiff in the divorce suit, the circuit court for Clackamas county duly made and entered of record an order modifying its decree of February 21, 1944, respecting the custody of said minor child, as follows: "That the custody of the minor child born as a result of the marriage of the parties hereto be and the same is hereby transferred to the plaintiff, subject only to the objection or consent thereto of the father, upon his return from services in the armed forces of the United States; or until further order of this court * * *."

Armed with this order of modification, plaintiff demanded from defendants Julia A. Hanks and Carlos B. Hanks, her husband, the custody of said child. The child had been and was then living with said defendants at their home near Silverton, Marion county, Oregon. The defendants refused to surrender custody.

■ Shortly before the instant proceeding was filed in the circuit court for Marion county, the defendants Hanks filed in the juvenile department of that same court a petition to declare said child to be a dependent child. It is obvious this step was taken in an attempt to defeat, if possible, the jurisdiction of the Clackamas

county circuit court over said child. However, and wholly apart from the question of jurisdiction, the record is devoid of any showing whatever that said child was a dependent child within the meaning of the statutes of this state, and upon the final hearing the trial court very properly dismissed the proceeding. § 93-602, O. C. L. A., defining "child dependency," and § 126-301, O. C. L. A., defining "dependent child." This proceeding in the juvenile department of the circuit court accounts for naming Nona White, as probation officer, as one of the respondents.

The petition for the writ of habeas corpus filed in this case alleged the prior marriage of plaintiff to Jack Bristol; the birth of the child; the proceedings in the divorce suit in Clackamas county, including the modification of decree respecting custody of the child; the fact that petitioner permitted the child to remain with defendants on the representations of Julia A. Hanks that the grandfather was seriously ill and was asking for the company and companionship of the little girl; that plaintiff had remarried and thereupon had repeatedly demanded that the custody of the child be surrendered to her, and that such demands had been refused; that "said Julia Hanks has caused to be filed in the Juvenile Court of the Circuit Court of Marion County a Complaint for juvenile dependency and that your petitioner represents and shows that the jurisdiction of the Circuit Court of Clackamas County has not been lost by virtue of said juvenile complaint"; "That said minor child is not restrained or held by any order and so forth as set forth in Section 11-402, O. C. L. A."; and "The legality of this restraint has not already been adjudged upon a prior writ of habeas corpus."

Based upon this petition, a writ of habeas corpus was issued and served upon defendants. The writ was in usual form. In her return to the writ, defendant Nona White alleged her inability to comply with the mandate of the writ due to the fact that said minor child was not then, nor had she ever been, in her custody or control. In their answer and return to the writ the defendants Hanks admitted certain allegations contained in the *petition for writ,* denied others, and for a further and separate answer, defense and return herein, alleged the birth of said child; their custody of her for a number of years; and "That said petitioner is not a fit or proper person to have the future care, custody and control of said child"; "That respondents Hanks are ready and able, and desire, to have the future care, custody and control of said child"; and "That it is just and proper and to the best interest of said child, of society and of the state that respondents Hanks have the future care, custody and control of said child." Plaintiff filed her reply denying the material allegations of the answer and return.

When the matter came on for hearing, the trial court ordered that both the juvenile proceeding and the habeas corpus proceeding be heard together. Plaintiff objected to the jurisdiction of the court in the juvenile court matter. The trial court said:

> "At the time this matter was previously before the court it appeared to the court that in view of the equitable nature of the petition for habeas corpus, involving the infant child, the dependency hearing and the habeas corpus matter would probably all be determined on about the same evidence. And that is my view in connection with both matters * * *.
>
> "MR. DEVERS: It is my contention that there

is no jurisdiction in the dependency matter in this court.''

Due to the position assumed by the court that this habeas corpus proceeding was equitable in nature, and that the paramount issue before the court was the welfare of the child, plaintiff requested and received permission to amend her original *petition* by adding thereto paragraphs IX and X, as follows:

## ''IX

''That petitioner, Jean Bristol Quinn is a fit and proper person to have the future care, custody and control of said minor child.

## ''X

''That it is just and proper and to the best interests of said child, of society and the state, that the petitioner Jean Bristol Quinn have such care, custody and control of said minor child.''

Defendants were permitted to amend their answer and return to deny this new matter.

Upon the issues thus formed, the matter was heard by the court. The transcript contains over six hundred typewritten pages of testimony, most of it being directed to the fitness of the mother to have the custody of her daughter and to what was claimed to be the best interests of the child. The father of the child was one of plaintiff's witnesses who testified that custody should be awarded to the plaintiff. Though, as will later appear, all this testimony was irrelevant and immaterial to the real issue involved, nevertheless, we note the fact that upon the conclusion of the evidence the trial court found that the mother was a fit person to have the custody of her child, and that the child's best interests and welfare demanded that

such custody be awarded to her, with which findings we agree.

■■ Ordinarily, a proceeding by habeas corpus involving the custody of a minor child is deemed to be an equitable proceeding, and in all such cases the polar star principle guiding the court in its final determination of the issues is the best interests and welfare of the child. On appeal to this court such cases are tried de novo. *Crowell v. Crowell,* 184 Or. 467, 198 P. 2d 992; *Hurner v. Hurner,* 179 Or. 349, 170 P. 2d 720; *Bartlett v. Bartlett,* 175 Or. 215, 152 P. 2d 402; *Armstrong v. Vancil,* 169 Or. 320, 128 P. 2d 951; *Griffin v. Griffin,* 95 Or. 78, 187 P. 598; *Turner v. Hendryx,* 86 Or. 590, 167 P. 1019, 169 P. 109.

In *Bartlett v. Bartlett,* supra, in a very exhaustive opinion Mr. Justice BRAND, speaking for the court, thoroughly discussed the principles of law and jurisdictional questions involved in such proceedings. It is unnecessary, therefore, for us to repeat here what was there said.

■ Such equitable jurisdiction exists and is exercised in child custody cases in all those instances where no other Oregon court of concurrent jurisdiction has previously assumed jurisdiction.

■■ Where jurisdiction over the custody of a minor child has been exercised by a court of a foreign state, and thereafter the child becomes domiciled in the state of Oregon, and there has been a change in circumstances following the entry of decree in the out-of-state court, the courts of this state may assume and exercise jurisdiction of an equitable nature in order to protect the welfare of such child. The full faith and credit clause of the Federal constitution does not bar such a proceeding. *Crowell v. Crowell,* supra, *Ashbaugh v.*

*McKinney,* 182 Or. 652, 189 P. 2d 583; *Bartlett v. Bart-lett,* supra; *Armstrong v. Vancil,* supra; *Griffin v. Griffin,* supra.

■ In this case it appears conclusively from the record that the minor child involved here became a ward of the circuit court for Clackamas county in the divorce suit commenced by plaintiff in that court. In *Addison v. Addison,* 117 Or. 80, 82, 242 P. 832, this court said:

> "In divorce proceedings minor children are wards of the court."

See also *Hertzen v. Hertzen,* 104 Or. 423, 426, 208 P. 580; *Gibbons v. Gibbons,* 75 Or. 500, 503, 147 P. 530.

■ The jurisdiction of the Clackamas county circuit court over the custody and maintenance of said minor child is a continuing jurisdiction, so long as both parents remain alive. *Volz v. Abelsen,* 190 Or. 319, 225 P. 2d 768; § 9-915, O. C. L. A., as amended by ch. 584, Oregon Laws 1947. This statute, in part, reads as follows:

> "At any time after a decree is given, the court or judge thereof, *upon the motion of either party,* shall have the power to set aside, alter or modify so much of the decree [divorce] as may provide for the appointment of trustees for the care and custody of minor children, or the nurture and/or education thereof * * *." (Italics ours.)

■ At the outset of the trial there was offered and received in evidence a duly certified copy of the decree of divorce entered by the circuit court for Clackamas county, and also a duly certified copy of the decree of modification. The modification was made upon motion of plaintiff. The court had jurisdiction to make such modification, and the order is valid on its face.

 The court which rendered this decree, although one of general jurisdiction, was then exercising a special power conferred upon it by statute, and not according to the course of the common law. It is well established in this state that a circuit court, when exercising a special power conferred upon it by statute, and not according to the course of the common law, is a court of special and inferior jurisdiction, and its proceedings in such cases are subject to all the incidents applicable to a court of that kind. Therefore, in order that its adjudications may be invulnerable to attack, its record must affirmatively show that jurisdiction existed. A decree of such a court is subject to collateral attack. However, in pleading a judgment of a court of special power to hear and determine causes it is not necessary to allege the facts conferring jurisdiction, but it may be averred that such judgment was duly given or made. *Garner v. Garner,* 182 Or. 549, 555, 189 P. 2d 397; *State ex rel. v. Tolls,* 160 Or. 317, 322, 85 P. 2d 366, 119 A.L.R. 1370; *DeVall v. DeVall,* 57 Or. 128, 136, 109 P. 755, 110 P. 705; *Northcut v. Lemery,* 8 Or. 316, 322.

 The plaintiff here pleaded that the decree of divorce and the order of modification were rendered in the circuit court for Clackamas county. The defendants did not allege in their return, nor did they prove, or attempt to prove, that the circuit court for Clackamas county was without jurisdiction to enter said decree of divorce or said order of modification. If defendants desired to attack the jurisdiction of the circuit court for Clackamas county in the divorce proceeding, the burden was upon them to allege and prove lack of jurisdiction. There is a disputable presumption "that official duty has been regularly performed" (§ 2-407,

subd. 15, O. C. L. A.), and another "that a court, or judge acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction" (§ 2-407, subd. 16, O. C. L. A.), and a further one "that a judicial record, when not conclusive, does still correctly determine or set forth the rights of the parties" (§ 2-407, subd. 17, O. C. L. A.). In the absence of a contrary showing, these presumptions are sufficient to uphold the validity of the decrees of the Clackamas county circuit court.

■ The defendants here were not parties to the divorce suit, and the only right either ever had to the custody of said minor child arose solely from the provisions of the original decree of divorce. The defendant Julia A. Hanks assumed custody pursuant to the terms of that decree, but at all times subject to the continuing jurisdiction of the court to at any time change such custody *upon the motion of either party to that suit.*

■ In fixing the custody of minor children, the divorce court is governed by the same considerations applied in the juvenile court, and in equitable proceedings in the nature of habeas corpus respecting the custody of infants, i. e., the welfare of the child.

■ In *Hertzen v. Hertzen,* supra, at page 425, this court said:

"*It is a well-established principle that, as between tribunals of concurrent jurisdiction, the one which first takes cognizance of a controversy can continue it to the end.* * * * * * A minor child of divorced parties remains a ward of the court which dissolved the bonds of matrimony * * *.

"It was held in Ex parte Garcia (Tex. Civ. App.), 187 S. W. 410, that a court granting a divorce cannot secure exclusive power to dispose of minor children of the marriage, and after the decree has been rendered, *another court may,* circumstances

having changed, *determine the question of the custody of the minors.* However, *the rule in this state is, that an application for modification of a decree relating to the custody of a minor child should be made to the court in which the decree was rendered:* Ex parte Bowers, 78 Or. 390, 398 (153 P. 412); 19 C.J. 352.'' (Italics ours.)

See also *Palm v. Smith et al.,* 183 Or. 617, 623, 195 P. 2d 708.

■ When the decree of the Clackamas county circuit court was modified so as to transfer custody of the child to plaintiff, the retaining of custody thereafter by defendants, after having notice of such modification, and after plaintiff demanded custody, was in defiance of the lawful orders of that court, and the restraint by them of said child was illegal.

■ For that reason, and when the matter was called to its attention, the circuit court for Marion county, juvenile department, had no authority to further entertain jurisdiction in the attempted dependency proceeding. Also, for the same reason, this proceeding by habeas corpus was one properly commenced pursuant to the statutes of this state respecting the writ of habeas corpus. §§ 11-401 to 11-443, O.C.L.A., inclusive. This is not the usual equitable proceeding heretofore noted. The only proper question before the trial court for determination was the legality of the restraint of said minor child by defendants. It had no authority to inquire into and determine the best interests and welfare of the child and award custody in accordance with its final conclusion in those respects. Those matters were and are exclusively for determination by the Clackamas county circuit court, a court of concurrent jurisdiction. The trial court had authority to aid the

jurisdiction of the Clackamas county circuit court in enforcing its decree, but it wholly lacked jurisdiction to interfere with or supersede such jurisdiction. The amendments allowed at the outset of the trial and most of the testimony introduced on the trial were wholly irrelevant and immaterial.

We are mindful of the fact that in the case of *Henkle v. Patterson et al.,* 153 Or. 337, 56 P. 2d 343, there is some general language used which appears to conflict with the views here expressed. In the respects in which that decision does conflict with what is said here, the same is overruled.

However, we do not wish to be understood as approving the method of pleading adopted in this case as the proper method to pursue in habeas corpus proceedings under the statute. In such proceedings the purpose of the petition is to secure the issuance of the writ, and normally it is not to be considered as a part of the pleadings, as it ceases to function when the writ is issued. The return to the writ is the first and principal pleading and corresponds to the complaint in civil actions. In such proceedings the issue arises on the sufficiency of the return, and it may be controverted by demurrer or reply. Though in equitable proceedings in the nature of habeas corpus involving the custody of minor children, the rules as to pleading are more liberal; nevertheless, the better practice is to follow the same procedure followed in the special proceeding under the statute. *In re Davenport,* 114 Or. 650, 655, 236 P. 758; 39 C.J.S., Habeas Corpus, 625, § 80, 651, § 88.

It is provided by statute in this state that "no cause shall be dismissed for having been brought on the wrong side of the court" (§ 9-102, O. C. L. A.), and that "the court shall, in every stage of an action, dis-

regard any error or defect in the pleadings or proceedings which shall not effect the substantial rights of the adverse party'' (§ 1-1011, O.C.L.A.).

■ Therefore, inasmuch as the trial court upon the issues as submitted, and based upon the evidence, reached the same ultimate result as necessarily would have been reached had this proceeding been treated, as it should have been treated, as a special proceeding by habeas corpus under the statute, we do not find it necessary to disturb its decree. Affirmed.