Argued September 25, affirmed October 8, petition for
rehearing denied November 26, 1952

BRISTOL (now known as Quinn) *v.* BRISTOL

248 P. 2d 838

*Allan G. Carson,* of Salem, argued the cause for appellant. With him on the brief was Wallace P. Carson, of Salem.

*Joseph M. Devers, Jr.,* of Stayton, argued the cause for respondent. With him on the brief was Walter H. Bell, of Stayton.

Before Brand, Chief Justice, and Rossman, Lusk, Warner and Tooze, Justices.

TOOZE, J.

The defendant Jack Bristol appeals from a decree of the circuit court for Clackamas county, entered on September 21, 1951. As a matter of convenience to all interested parties, this appeal was consolidated for the purpose of argument in this court, with an appeal from the circuit court of Marion county by Julia A. Hanks and Carlos B. Hanks from a judgment of contempt.

An opinion is this day being handed down on the appeal from the judgment of the circuit court of Marion county in the contempt proceedings. *State ex rel. Quinn v. Hanks.* Substantially all the facts material to the instant case are set forth in that opinion and, therefore, will not be restated in this decision.

As we pointed out in our opinion in the contempt proceedings, custody of Judy Jean Bristol, minor child of Jean Bristol Quinn and Jack Bristol, was lawfully awarded to the mother, Jean Bristol Quinn, by the final decision of this court dated June 27, 1951, in the habeas corpus proceeding. *Quinn v. Hanks,* 192 Or 254, 233 P2d 767.

■ No order of the circuit court for Clackamas county, entered subsequent to our decision in the habeas corpus proceedings as outlined in our opinion of today in the contempt case, can affect the final decree therein.

■ This does not mean that the circuit court for Clackamas county has lost jurisdiction over its ward, the minor child of plaintiff and defendant, and such court has and retains jurisdiction to modify its decree respecting custody at any time upon motion of either party to the divorce suit, and as the best interests and welfare of such minor child might demand; subject, of course, to the well-established rules of law respecting such proceedings for modification.

But it would indeed be a novel thing if a circuit court were permitted to override and reverse a final decision of this court by the entry of an ex parte order such as that entered by the trial court on July 2, 1951.

At no time has defendant moved the trial court for a modification of the decree respecting the custody of this child, so as to vest the right to custody in himself. His attempts to deprive plaintiff of her right to custody as established in the habeas corpus proceeding, made solely for the benefit of Julia A. Hanks and Carlos B. Hanks, were wholly abortive.

If defendant is sincerely of the opinion that the best interests and welfare of his child demand that she be taken from the custody of plaintiff, then his remedy lies in the divorce court by a petition to modify the decree.

On September 21, 1951, with all parties before the court, and after hearing, the circuit court for Clackamas county entered an order and decree quashing its ex parte order of July 2, 1951, and decreeing "That the order of August 14th, 1945, is by this order reinstated

[sic] and the custody of the minor child of the parties hereto is hereby declared to be vested in the plaintiff.'' It is from this order and .decree that defendant has appealed. That decree supports the final decree in the habeas corpus proceeding. It in no way conflicts therewith. This appeal is without merit.

The decree is affirmed. Plaintiff is entitled to costs.