Argued February 21, affirmed April 15, 1974

PARKER, *Appellant, v.* TALKINGTON
(No. 80958), *Respondent.*
521 P2d 25

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the briefs was James C. Niedermeyer, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

This habeas corpus proceeding was brought by plaintiff to test the legality of the confinement of his son, Daniel Parker, at Fairview Hospital and Training Center. Defendant, the superintendent of that institution, filed a return to the writ that stated:

"* * * * *

"I have the person of Daniel Parker, age 15, in my custody pursuant to:

"(a) A certified copy of an Order of Commitment in the Circuit Court of the State of Oregon

for the County of Columbia dated September 12, 1969 * * * that the Order of Commitment designated Oregon State Hospital at Salem, Oregon as the place of commitment and through institutional transfer, Daniel Parker was sent to the Fairview Hospital and Training Center on September 17, 1969, pursuant to ORS chapters 179 and 427 for purposes of receiving better care.

"(b) An Order making Daniel Parker a ward of the Court with his care and custody placed with the Fairview State Hospital, entered by the Circuit Court of the State of Oregon for the County of Columbia, dated December 3, 1969 * * *.

"* * * * * *

"The aforesaid commitment and custody has not been terminated."

Plaintiff then filed a replication alleging the court orders described in the return were invalid. Defendant then demurred on two grounds: (1) plaintiff had failed to state a cause of action; and (2) the court lacked subject-matter jurisdiction. The trial court sustained the demurrer on the second ground. Plaintiff appeals.

We hold that the trial court had jurisdiction over this habeas corpus proceeding. We also hold that the demurrer was properly sustained because plaintiff has failed to state a cause of action.

Subject-Matter Jurisdiction of
the Habeas Corpus Court

Defendant has conceded that the September 12, 1969 order is invalid; the sole ground that defendant now contends authorizes the confinement of Daniel Parker is the December 3, 1969 order:

"* * * Daniel Parker is a retarded child who is out of control of his parents.

"* * * * * *

"[And it is] ORDERED that:

"1. Daniel Parker is a ward of the Court with his care, custody and control placed with the Fairview State Hospital * * *."

Plaintiff's replication states:

"* * * * *

"Plaintiff denies the legality of the Juvenile Court Order dated December 3, 1969, in that the Court exceeded its jurisdiction by placing Daniel Parker in a mental institution where he might remain for the rest of his life under regimented custody and control. Daniel Parker was never present during the proceedings giving rise to this Order nor was any guardian appointed to act on his behalf in the protection of his rights. This Order, although appearing proper in form, has been issued contrary to the juvenile code in that the juvenile code cannot be used as a substitute for the commitment of a mentally ill person. In addition, this Order makes a child a ward of the Court by reason of his mental condition and not by reason of any act done by Daniel Parker which is in violation of the law. The juvenile code does not allow the commitment of a child to a mental facility by reason of any mental illness.

"* * * * * *."

As clarified by the arguments on appeal, we understand plaintiff to contend that the December 3 order is invalid for two basic reasons. First, exclusive subject-matter jurisdiction to commit mentally retarded persons is in the probate court. Alternatively, if the juvenile court had jurisdiction, it exceeded its authority by placing Daniel Parker in the custody of Fairview, as distinguished from the Mental Health Division, of which Fairview is a part.

■ Both of plaintiff's contentions are cognizable in habeas corpus. *See,* ORS 34.610. In *Garner v. Alex-*

*ander,* 167 Or 670, 120 P2d 238, *cert denied* 316 US 690 (1941), the court quoted from Ferris on Extraordinary Legal Remedies 36, § 18:

> " '* * * Lack of jurisdiction of the subject-matter, jurisdiction of the person, or jurisdiction to render the particular judgment assailed, include all cases which render a judgment * * * subject to attack in habeas corpus * * *.' " 167 Or at 674.

Plaintiff's first contention goes to "jurisdiction of the subject-matter." Plaintiff's second contention goes to "jurisdiction to render the particular judgment assailed." The trial court had habeas corpus jurisdiction in this case.

*Quinn v. Hanks,* 192 Or 254, 233 P2d 767 (1951), apparently relied upon by the court below, does not require a different conclusion. In that case, the Clackamas County circuit court had awarded custody of a minor to Quinn in a divorce case. Armed with this custody order, Quinn initiated a habeas corpus proceeding in Marion County circuit court against Mr. and Mrs. Hanks, who had physical custody of the minor in question. The Hanks defended against the writ by attempting to prove they were more fit than Quinn to have custody. The Supreme Court merely held that it was error to relitigate in the Marion County habeas proceeding the exact question that had been litigated in the Clackamas County divorce proceeding, i.e., who should have custody of the minor child. The court pointed out:

> "The plaintiff [Quinn] here pleaded * * * the decree of divorce * * * rendered in the circuit court for Clackamas county. The defendants [Hanks] did not allege in their return, nor did they prove, or attempt to prove, that the circuit court for Clackamas county was without jurisdiction to enter said decree * * *." 192 Or at 265.

Thus, the obvious difference between *Quinn v. Hanks,* supra, and the case at bar is that in *Quinn* the parties erroneously relitigated the merits of a question that had been decided by another court when jurisdiction of that other court was not challenged; in the case at bar it is the jurisdiction of the juvenile court, not the merits of its decision, that is being challenged.

Plaintiff's Failure to State
a Cause of Action

Although the trial court had jurisdiction over this habeas corpus proceeding, it should have sustained defendant's demurrer on the other ground defendant advanced — that plaintiff had failed to state a cause of action. The trial court's action in sustaining the demurrer was thus correct.

■■ Plaintiff contends that the juvenile court proceedings which culminated in the December 3 order here attacked were proceedings to commit Daniel Parker because of mental retardation, and that the juvenile court lacked jurisdiction over such a matter because it is exclusively in the probate court. Admittedly the December 3 order states "Daniel Parker is a retarded child." However, it also states "Daniel Parker is * * * out of control of his parents." This latter finding is sufficient in and of itself to create juvenile court jurisdiction. ORS 419.476 (1) (b).

■ Moreover, even if the December 3 juvenile court order were based solely on a finding of retardation, this would not establish lack of subject-matter jurisdiction. Although we use the terms "juvenile court" and "probate court" as a shorthand, speaking more precisely, except in the smallest counties juvenile and probate jurisdiction are both vested in a single court,

the circuit court. ORS 3.260 (1); 111.005 (8); 111.075; 419.474. As explained in *McColloch v. U. S. National Bank,* 207 Or 508, 297 P2d 1076 (1956), each circuit judge is vested with the entire jurisdiction of that court, and whether a given matter is heard in one department or another has no bearing on the question of subject-matter jurisdiction. *Cf., State ex rel Juv. Dept. v. Christy,* 7 Or App 608, 492 P2d 476 (1972).

Plaintiff's second contention — that the December 3 order should have committed Daniel Parker to the Mental Health Division rather than Fairview — presents a closer question because commitment to Fairview was technically improper by either a juvenile or a probate order. When sitting in probate, commitments of the mentally retarded can be made only to the Mental Health Division. ORS 427.059. When the December 3 order was entered the statutes provided that a juvenile court could place a child found to be a ward of the court

> "* * * in the legal custody of a public or private institution or agency authorized to accept the child * * *." ORS 419.507 (2) (1969).

It is the Mental Health Division that is "authorized to accept" Daniel Parker, and not any of the individual institutions maintained by the Division.

> "The [Mental Health] division shall accept the custody of persons committed to its care by the courts of this state." ORS 430.021 (6).

> "* * * [T]he Fairview Hospital and Training Center * * * shall be used for the care and training of such mentally deficient persons as are assigned to * * * [its] care * * * by the Mental Health Division * * *." ORS 427.010 (1).

While plaintiff's second contention is correct, we conclude that it is *de minimus.*

■ The obvious purpose of the statutes providing for commitment to the Mental Health Division rather than any individual institution is to leave to the expertise of the Division the final decision about which institution has the most appropriate available facilities and program for the individual involved. That purpose has been accomplished in this case; as stated in defendant's return, even before the December 3 order was entered Daniel Parker was transferred to Fairview by the Mental Health Division. That purpose can continue to be accomplished in this case; pursuant to ORS 179.473 and ORS chs 427 to 430 the Division has continuing authority to transfer Daniel Parker to other institutions under its control. The Division has acted and can continue to act as though the December 3 order was a commitment to the custody of the Division. Therefore, although the December 3 order is technically in the wrong form, we hold that minor error is too insubstantial to warrant habeas corpus relief.

Affirmed.