Submitted on record and briefs March 12, affirmed April 19, 1976

## DENNIS W. RATHBURN, *Appellant,*
### *v.*
## CUPP et al, *Respondents.*
### (No. 88816, CA 5314)

548 P2d 991

*Bruce H. Grim,* Salem, filed the brief for appellant. With him on the brief were Douglas, Grim, Fender & Carson, P.C., Salem.

*Lee Johnson,* Attorney General, W. Michael Gillette, Solicitor General, and Catherine Allan, Assistant Attorney General, Salem, filed the brief for respondents.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

**FOLEY, J.**

Plaintiff,[1] an inmate at the Oregon State Penitentiary (OSP), appeals from a circuit court order denying him habeas corpus relief. The sole issue on appeal is whether defendant OSP has violated plaintiff's freedom of speech under the First Amendment to the United States Constitution by refusing to incur the expense of sending his correspondence by certified mail.

The general policy at OSP allows an inmate to send his correspondence by certified mail with the cost deducted from the inmate's personal spending account. About three months prior to the hearing, plaintiff was informed by Mr. Hokonson, the mailroom supervisor at OSP, that his spending account was in arrears because of the number of certified letters plaintiff had sent through the mail. Plaintiff was told that he and other inmates whose spending accounts were "in the red" would not be allowed to send correspondence by certified mail until their spending accounts were solvent.[2]

Plaintiff was thereafter not permitted to send his legal correspondence by certified mail. He was informed that if he attempted to do so, Mr. Hokonson would send the correspondence by regular delivery. Plaintiff has not been prevented from sending any cor-

---

[1] The parties were denominated petitioner and respondents in these proceedings. The parties in habeas corpus proceedings are properly denominated plaintiff and defendant rather than petitioner and respondent. *Quinn v. Hanks,* 192 Or 254, 258, 233 P2d 767 (1951).

[2] The record shows that plaintiff does have approximately $109 in a restricted savings account. Plaintiff is prohibited from withdrawing funds from this account except for certain limited purposes. He does not here challenge those limitations. However, we note that the Federal District Court for Oregon has concluded that the prison rules establishing the restricted savings account and prohibiting withdrawal are constitutional. *Bailleaux v. Holmes,* 177 F Supp 361 (D Or 1959), *reversed on other grounds Hatfield v. Bailleaux,* 290 F2d 632 (9th Cir), *cert denied* 368 US 862 (1961); *see also* 33 Op Att'y Gen 361 (Or 1967).

respondence by regular delivery.[3] The letters he has attempted to send by certified mail since the exhaustion of his spending account have all been sent by regular delivery.

Plaintiff cites no authority in support of his assertion that the state's refusal to bear the cost of certified mail impinges upon his freedom of speech. Nor do we find any.

Affirmed.

---

[3]The policy adopted by OSP with respect to regular mail is that an inmate who does not have funds in his spending account is provided with free postage. Although there is no established limit on the number of letters an inmate may send per week, if the question arises he is allowed what the authorities determine is a reasonable number of free letters after the subject is discussed with the inmate's counselor.