DONALD EDWARD CORNELL, *Appellant,*

*v.*

CUPP, *Respondent.*

(No. 92590, CA 5736)

550 P2d 1386

*J. Michael Alexander,* Salem, argued the cause for appellant. With him on the brief were Brown, Burt & Swanson, P.C., Salem.

*James A. Hill, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

## FOLEY, J.

■ Plaintiff[1] seeks review of a circuit court order denying his petition for a writ of habeas corpus. He alleged in his petition that the references in his institutional records to a period of administratively imposed segregation and isolation unduly prejudiced his opportunity for work release or parole in violation of his constitutional rights. We affirm.

This case raises the question of whether the procedural-due-process requirements recently established by our Supreme Court in *Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976), apply retroactively to an administrative segregation occurring prior to the date of that decision and, if so, whether an inmate is entitled to the expungement of all references in his record to an administrative segregation effectuated without provision of the procedural safeguards required by *Bekins.*[2]

*Bekins* held that:

"* * * [B]efore a prisoner can be placed in segregation and isolation pending an investigation, a supervisory official of the institution must make a finding that he reasonably suspects that the prisoner would constitute a threat to the security of the institution if he were not placed in isolation and segregation pending the investigation. The finding must be supported by information which must be stated in a writing. The decision to place in solitary confinement should be made by someone who would be considered relatively impartial. *Wolff v. McDonnell,* [418 US 539, 571, 94 S Ct 2963, 41 L Ed 2d 935 (1974)]. * * * The prisoner shall be advised in writ-

---

[1] The parties were denominated petitioner and respondent in these proceedings. The parties in habeas corpus proceedings are properly denominated plaintiff and defendant rather than petitioner and respondent. *Quinn v. Hanks,* 192 Or 254, 258, 233 P2d 767 (1951).

[2] *Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976), was decided on January 29, 1976. Plaintiff's segregated confinement commenced on August 23, 1975. There was testimony at trial that plaintiff was confined in segregation and isolation for two months without being afforded the procedural due process required by *Bekins.* The trial court found that the confinement resulted from the defendant's receiving information that such action was necessary for the protection of another inmate.

ing of the reasons he is being specially confined." 274 Or at 120-21.

The court expressly based its conclusion

"* * * on the general principles announced in *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972) (parole revocation); *Gagnon v. Scarpelli,* 411 US 778, 93 S Ct 1756, 36 L Ed 2d 656 (1973) (probation revocation); and *Wolff v. McDonnell, supra* (418 US 539) (prison discipline)." 274 Or at 119.

In *State v. Fair,* 263 Or 383, 502 P2d 1150 (1972), our Supreme Court summarized its approach to cases raising the issue of whether newly announced constitutional rights will be given retroactive effect:

"We may draw two conclusions from our recent decisions on retroactivity. First, we are free to choose the degree of retroactivity or prospectivity which we believe appropriate to the particular rule under consideration, so long as we give federal constitutional rights at least as broad a scope as the United States Supreme Court requires. Secondly, we have tended to restrict the retroactive application of newly-announced rights, giving them only the application which the Supreme Court has adopted as a minimum. * * *" 263 Or at 387-88.

Since the court in *Bekins* expressly based its holding on the general principles enunciated in *Morrissey v. Brewer, Gagnon v. Scarpelli,* and *Wolff v. McDonnell,* all *supra,* we follow the United States Supreme Court's resolution of the retroactivity question in those cases.

Although the court did not address itself to the problem of retroactivity in *Gagnon,* it held in *Morrissey* and *Wolff* that the new procedural rules announced in those cases did not apply retroactively. In *Wolff,* the court stated what we consider the decisive principle in the case at bar:

"[I]n the context of disciplinary proceedings, where less is generally at stake for an individual than at a criminal trial, great weight should be given to the significant impact a retroactivity ruling would have on the administration of all prisons in the country, and the

reliance prison officials placed, in good faith, on prior law not requiring such procedures. * * *" 418 US at 574.

■ Even greater weight should be given to the potential impact of giving retroactive effect in the case at bar in view of the determination in *Bekins* that an inmate confined for nondisciplinary purposes is entitled to less procedural due process than an inmate confined for disciplinary reasons.[3] *Bekins v. Cupp, supra,* 274 Or at 120. Retroactive application of *Bekins* would allow all inmates in the state who at any time had been placed in administrative segregation and isolation without being afforded the procedural due process required by *Bekins* to flood the Corrections Division with requests to have the records of those confinements expunged. Any inmate who felt that the Corrections Division was unresponsive to his request could then petition for a writ of habeas corpus.[4] Under the circumstances, we conclude, as did the trial court, that giving retroactive effect to *Bekins* would constitute an unreasonable burden on this state's corrections system.

Affirmed.

---

[3]Indeed, the court held that special confinement "for a short time * * * [is not] such a grievous loss as to require a written statement of the reasons for confinement. * * *" 274 Or at 121.

[4]This is not to say that habeas corpus relief would be proper under such circumstances if *Bekins* were given retroactive effect. In view of our disposition of this case, we do not find it necessary to reach plaintiff's contention relating to the expungement of his institutional records and we express no opinion on that issue.